Glencrest Realty Company, Appellant *v.* The Zoning Hearing Board of Washington Township, Appellee.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*William E. Schantz*, with him *Charles Steven Miller*, for appellant.

*James G. Kellar*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 24, 1979:

The Washington Township Zoning Board denied a special exception to Glencrest Realty Company to construct an addition to a mobile home park. The Le-

high County Common Pleas Court affirmed the Board. We reverse.

Glencrest Realty owns Glencrest Mobile Home Park on Township Road 707 in Washington Township, Pennsylvania which, at the time of the hearing, consisted of approximately 50 contiguous acres and 210 living accomodations.

In 1975 Glencrest applied for special exception to construct a second phase expanding the already existing park. The site proposed contains 18.5 acres and is situated on the opposite side of Township Road 707 directly across from the Glencrest park. It does not touch the park at any point. If constructed, the addition will contain 72 mobile home sites and recreational facilities. Water and sewage is to be provided by extending the systems currently used by Glencrest. The addition will be owned, operated and managed as part of Glencrest Mobile Home Park.

The Board denied the application for special exception finding that the proposed site was not contiguous to the Glencrest Mobile Home Park, and that standing alone it did not consist of 50 contiguous acres.

Glencrest Realty argues that the Board's denial is an abuse of discretion or clear error of law. We agree.

Section 5.1(a) of the Washington Township Subdivision and Land Development Ordinance provides:[1]

5.1(a)   Site Location

The location of all mobile home parks shall comply with the following minimum requirements:

(a)   Parks shall have a minimum of fifty (50) contiguous acres of usable site area as de-

---

[1] Section 5, Subsection 5.1(a) of the Washington Township Subdivision and Land Development Ordinance, Appendix E, entitled "Article and Design Standards for Mobile Home Parks."

fined in Section 1 and shall be under single ownership.

The Board, in interpreting the ordinance, determined that mobile home parks may only exist on 50 minimum acre tracts and that the entire tract of 50 acres or more must be contiguous in the sense that it is a single, integrated site not bisected by public streets which divide it into separate parcels.

In reading the ordinance, we see nothing to suggest such an interpretation. While the clear and unambiguous language of Section 5.1(a) requires that at least 50 acres of each mobile home park must be contiguous, there is no requirement that acreage in excess of the 50-acre minimum used for development actually adjoin the 50-acre contiguous tract or individually constitute 50 contiguous acres. Nor may such requirement be inferred from the language. If the language of a statute is clear, it may not be disregarded under the guise of presumed "legislative intent."

Evidence establishes that Glencrest Mobile Home Park sits on the mimimum 50 contiguous acres. Thus, the Board's finding that the 18.5-acre tract for the proposed addition was not contiguous with the existing park was not proper basis for denial of the application for special exception.

Nor is this finding sufficient to permit treatment of the proposed addition as a separate mobile home park as to require that the addition alone contains 50 contiguous acres. The record reflects that Township Road 707 is a small, rural thoroughfare with little traffic flow to prohibit or disrupt operation as a single, integrated development; that the properties will be used for mutual benefit and enjoyment; and they will be under single ownership, management and control. By considering the two tracts as one, we hold that the ordinance in these circumstances does not re-

quire the satellite to embody 50 separate and distinct acres.

Accordingly, we

ORDER

AND Now, this 24th day of September, 1979, the order of the Court of Common Pleas of Lehigh County dated April 24, 1978, dismissing the appeal of Glencrest Realty Company and affirming the decision of the Zoning Board of Washington Township is reversed.

Judge ROGERS dissents.