Richland Township, Appellant *v.* Bakerstown Container Corporation, Appellee.

Argued October 5, 1983, before Judges Rogers, Barry and Barbieri, sitting as a panel of three.

*Gene E. Arnold,* for appellant.

*Stanley M. Stein, Feldstein, Grinberg, Stein & McKee,* for appellee.

OPINION BY JUDGE BARBIERI, May 8, 1984:

Richland Township (Township) appeals here from a decision and order of the Court of Common Pleas of Allegheny County reversing a decision of the Zoning Hearing Board of Richland Township (Board) denying a construction permit to the Bakerstown Container Corporation (Bakerstown) for the construction of a drum reconditioning plant in an area of the Township zoned RLI. We reverse.

Our scope of review where, as here, the common pleas court took no additional evidence, is limited to determining whether the Board abused its discretion, committed an error of law, or made factual findings which are not supported by substantial evidence. *Davis v. Zoning Board of Adjustment,* 78 Pa. Commonwealth Ct. 645, 468 A.2d 1183 (1983).

Before the Board a representative from Bakerstown testified that the proposed plant would process residual wastes from used metal drums into a paste or sludge which would then be disposed of. He further testified that the remaining empty drums would then be cleaned, shot blasted, repainted, and tested for leaks at the plant. Based on this testimony Bakerstown maintained (1) that its proposed plant would be a "cooperage" and (2) that this use was accordingly specifically permitted by the provisions of Section 10.112 of the Township's zoning ordinance which authorizes "[b]ox, cooperage or packaging materials manufacturing" in Township RLI districts. The Board subsequently concluded, however, that the proposed use was not authorized by Section 10.112, and upon a further appeal the common pleas court re-

versed on the basis that the term "cooper," as defined in WEBSTER'S NEW COLLEGIATE DICTIONARY, encompasses an individual who *repairs* "casks or tubs." The present appeal followed.

Before this Court the Township asserts that the common pleas court erred as a matter of law by concluding that the use proposed by Bakerstown is authorized by Section 10.112 of the Township's zoning ordinance. We agree.

While we do not disagree with the view of the common pleas court that the term "cooperage" may include repair as well as manufacture of barrels, casks, tubs, etc.,[1] and it may be that the zoning ordinance should be liberally construed so that a cooperage may include metal drums as well as the more traditional wooden barrels,[2] we are unable to fault the Board in its determination that Section 10.112 may not be "interpreted as to include this drum reconditioning plant . . . ,"[3] since, in our view, Section 10.112 only authorizes *manufacturing* in RLI districts. To interpret the language otherwise would make nonsense of its terms. In short, we see as the only sensible interpretation the one stated by the Zoning Officer at the Zoning Board hearing: "I believe that to be the intent of this section of the ordinance its box manufacturing, cooperage manufacturing, and packaging materials manufacturing."

It has never been contended by Bakerstown at any stage in the proceedings in this case that it does, or

---

[1] Webster's Collegiate Dictionary (5th Ed. 1947) defines cooper as "[a] maker or repairer of barrels or casks."

[2] The Oxford English Dictionary (1933) defines cooper as "[a] craftsman who makes and repairs wooden vessels formed of staves and hoops, as casks or buckets, tubs."

[3] We note that the Board during the hearing expressed its concern with the extent to which the reconditioning process has involved cleaning and waste disposal.

plans to do, manufacturing, but only that it seeks approval to operate a "drum reconditioning plant" and that it is permitted to do so under the terms of Section 10.112. Since we cannot agree, we will reverse.

## ORDER

AND Now, this 8th day of May, 1984, the order of the Court of Common Pleas of Allegheny County dated September 23, 1982, is hereby reversed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. A cooper is one who makes and repairs barrels; a cooperage is the place where the cooper does his work of making and repairing barrels. Ordinance Section 10.112 authorizes "box, cooperage or packaging materials manufacturing." While the word manufacturing may properly be interpreted as restricting activities with respect to boxes and packaging materials to their manufacture, it does not, because lexicologically it cannot, limit the word cooperage to mean only the making of barrels. If the members of the governing body had meant that barrels might be manufactured but not repaired, they would have allowed "box, barrel or packaging materials manufacturing."

The meaning placed upon the word manufacturing in tax cases is inappropriately applied in this zoning case. In land use regulations the word manufacturing is used as a synonym for the words industry or industrial. Zoning ordinances are not concerned, as are tax cases, with the nicety of whether or not a new, useful product has been created from base materials. Tax cases are subject to strict construction; zoning statutes and ordinances are to be liberally construed to effect their objects. 1 Pa. C. S. §1928. The object of Section 10.112 is that of permitting certain uses in-

cluding that of conducting a cooperage, a place where barrels are repaired as well as manufactured. Also zoning ordinances should be construed so as to allow the landowner the least restrictive use of his property. *Appeal of Haff*, 68 Pa. Commonwealth Ct. 112, 448 A.2d 120 (1982).