488 A.2d 36

Mary CAUSER, Administratrix of the Estate of
Mary Milligan, Deceased

v.

Robert A. MANDARINO, individually and Trading and
Doing Business as Mon Valley Real Estate.

Appeal of COMMONWEALTH of Pennsylvania, STATE
REAL ESTATE COMMISSION.

John S. TYLKA and Bertha Tylka, his wife

v.

Robert A. MANDARINO, individually and Robert A. Mandarino, t/d/b/a Mon Valley Real Estate & Insurance.

Appeal of COMMONWEALTH of Pennsylvania, STATE
REAL ESTATE COMMISSION.

Superior Court of Pennsylvania.

Argued Aug. 28, 1984.

Filed Feb. 8, 1985.

Petition for Allowance of Appeal Denied Aug. 15, 1985.

Wayne T. Scott, Harrisburg, for appellants.

Daniel Myshin, Monessen, and Vincent J. Morocco, Greensberg, for Causer, appellee (at 198).

Vincent J. Morocco, Greensburg, for Tylka, appellee (at 199).

Before JOHNSON, CERCONE and HESTER, JJ.

CERCONE, Judge:

This appeal originates from an Order issued by the Court of Common Pleas of Westmoreland County sitting *en banc.* The Order mandated that the Commonwealth, through the State Real Estate Commission (the "Commission") establish a complete list of claimants against the defendant licensee, Robert A. Mandarino, and also that the Commonwealth file a proposed schedule of distribution establishing the maximum amount recoverable by each individual claimant in accordance with the court's decision.

These matters arose from the activities of defendant, formerly licensed by the state as a realtor. His fraudulent dealings with claimants herein, in separate unrelated transactions, resulted in their suffering a financial loss. These claimants, appellees herein, obtained judgments against defendant. Both appellees subsequently petitioned for relief under the Real Estate Licensing and Registration Act, 63 P.S. § 455.101 *et seq.* ("Act"), according to the Real Estate Recovery Fund provisions ("Funds"), 63 Pa.C.S.A. § 455.-801 *et seq.* The aggregate claims of appellees against the Funds is in excess of $20,000. The Commission, appellant herein, declined to pay the appellees because it maintained that the statute establishing the Funds placed a $20,000 maximum limitation for payment of all aggrieved persons for the wrongful acts of any one licensee.

Pursuant to this position, the Commission filed a Petition for Joinder of All Claimants and Prospective Claimants for Relief Through the Real Estate Recovery Fund. Neither claimant responded to the Commission's Petition. The low-

er court then granted the Commission's Motion to Make Absolute the Court's Rule to Show Cause why such petition should not be granted. Pursuant to this Order, the Commission developed a list or class of claimants against the defendant.

The appellees filed objections to this list[1] and the Court held oral arguments in the matter. The Court ordered the Commission to establish a complete list of claimants and file a schedule of distribution in accordance with its opinion.

The issue on appeal is whether the Act, and particularly Section 803(d) of the Act, limits the recovery from the Fund to $20,000.00 per licensee.

A determination of the issue requires that this court interpret Section 803(d) of the Act which reads, in pertinent part:

(d) When there is an order of the court to make payment or a claim is otherwise to be levied against the fund, such amount shall be paid to the claimant in accordance with the limitations contained in this section. Notwithstanding any other provisions of this section, the liability of that portion of the fund allocated for the purpose of this act shall not exceed $20,000 for any one judgment. If the $20,000 liability of the Real Estate Recovery Fund as provided herein is insufficient to pay in full claims adjudicated valid of all aggrieved persons against any one licensee or registrant, such $20,000 shall be distributed among them in such ratio that the respective claims of the aggrieved applicants bear to the aggregate of such claims held valid. . . .

The court below interpreted the third sentence to mean that if the $20,000 per judgment restriction in the second sentence of Section 803(d) resulted in any of the aggrieved claimants not receiving full payment of their respective claims, then the entire "distribution fund" be subject to the payment of all aggrieved parties in such ratio as their

1. The appellees asserted that their claim was for less than $20,000 and, therefore, should not be contingent on other claims but rather should be paid in full.

individual claims bore to the aggregate of such claims held valid. The lower court defined the "distribution fund" in this case as the aggregate of all claims under $20,000 and $20,000 for each claim over $20,000. We do not agree that this is a correct interpretation of Section 803(d) and, therefore, we must reverse.

■ The provisions found in Section 803(d) are unambiguous and the lower court's interpretation adds a complex analysis which is inconsistent with that section and with the statute as a whole. It is well established that in construing a statute a court must determine legislative intent from the totality of the statute. Statutory language which is clear and unambiguous must be given its obvious meaning. See Section 3 of the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1901 *et seq.* (1 Pa.C.S.A. § 1921).

■ The second sentence of Section 803(d) merely states that the liability of the Fund shall not exceed $20,000 for any one judgment. It does not say that any claimant with a perfected judgment of $20,000 or less has the right to receive the full amount of that judgment, as appellees assert.

The third sentence deals with the situation in which there may be multiple claimants against one licensee. In that situation, the statute reads, "such $20,000 shall be distributed among them [the multiple claimants] in such ratio that the respective claims of the aggrieved applicants [to the Fund] bear to the aggregate of such claims held valid." The legislature's reference to "such $20,000", without further explanation, must certainly refer to the same $20,000 indicated in the second sentence. The sentence means that the aggregate of claims against the Fund for any one licensee is capped at $20,000. This interpretation is supported by a reading of Section 803(e) which reads:

Upon petition of the commission the court may require all claimants and prospective claimants against one licensee or registrant to be joined in one action, to the end that the

respective rights of all such claimants to the Real Estate Recovery Fund may be equitably adjudicated and settled. This section indicates that the legislature clearly envisioned, and provided for, the possibility of multiple claimants or potential claimants against a single licensee. There would be no reason for the legislature to include subsection (e), providing for adjudication of the respective rights of multiple claimants, if their claims were individually capped at $20,000.

■ Any fear that this interpretation will result in a situation where claimants with perfected judgments must wait an indeterminable amount of time for their recovery is unfounded. The trial court may, as the lower court here did, set a time frame within which the Commission must develop its list of claimants. This court is cognizant of the fact that the list of potential claimants includes many with unperfected claims and, therefore, those claimants with perfected claims may be required to wait a considerable period of time for their recovery.

■ Appellees argue that the Real Estate Recovery Fund provisions of the Act are remedial and humanitarian in nature and, as such, call for a liberal construction to invoke the purpose of the legislature. They cite Section 1928(c) of the Statutory Construction Act, *supra; Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975); and *Bley v. Commonwealth Department of Labor and Industry*, 484 Pa. 365, 399 A.2d 119 (1979), in support of this proposition. While such a proposition may be true, this Court may not disregard a clear mandate by the legislature as reflected in its use of clear and unambiguous terms. If the language of a statute is clear, it may not be disregarded under the guise of presumed "legislative intent." *Glencrest Realty Co. v. Zoning Hearing Board of Washington Township*, 46 Pa. Cmwlth.Ct. 177, 179, 406 A.2d 836, 838 (1979). While it is true that the legislature may not have envisioned a situation such as here where the aggregate of the potential claims is approximately $140,000 and the claimants may

only receive a "token remedy", the court system is not the proper place to change these provisions.

From the language of the statute, it is clear that the legislature intended to put a $20,000 limit on recovery from the Funds by any one or a group of claimants against a single licensee.

Accordingly, we reverse the Order of the lower court directing payment from the Real Estate Recovery Fund in excess of $20,000. This case is remanded for further proceedings as may be consistent with this opinion.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent.

Apportioning $20,000.00 among the innocent victims of the $140,000.00 fraud perpetrated by Robert Mandarino fails to implement the Legislative Mandate to the effect that such claims be equitably adjudicated. I would, therefore, affirm on the opinion of Judge Mihalich, of the trial court.