Abraham A. Constantino, Jr., and Rose A. Constantino, Appellants v. Borough of Forest Hills, Appellee.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Jerry B. Landis,* for appellants.

*Stephen W. Trout,* with him, *Arthur J. Murphy, Jr.,* for appellee.

OPINION BY JUDGE PALLADINO, March 21, 1985:

Abraham and Rose Constantino (Appellants) appeal a decision of the Court of Common Pleas of Allegheny County (trial court) which affirmed the denial of a variance to Appellants by the Zoning Hearing Board of the Borough of Forest Hills (Board). For the reasons set forth below, we reverse.

As the trial court took no additional evidence, we must determine whether the findings of the Board are supported by substantial evidence, and whether the Board abused its discretion or committed an error of law. *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 471 A.2d 128 (1984).

The Board made the following findings of fact. Appellants reside at 6 Carmel Court, which is a corner lot formed by the intersection of Carmel Court with Filmore Road. The lot fronts on Carmel Court. In a previous zoning procedure, Appellants received approval to construct a swimming pool and a four-foot fence surrounding the pool in the rear yard of the lot.

Without notifying the Zoning Officer or receiving zoning approval, Appellants erected the fence in another location in the side yard of the lot. The Zoning Officer, by letter dated April 6, 1982, notified Appellants that the location of the fence violated the setback requirements of Section 701.12 of the Forest Hills Zoning Ordinance (Ordinance), and ordered Appellants to remove the fence.

Appellants applied for zoning approval for the new fence location which the Zoning Officer denied, and then applied for a variance, requesting a hearing before the Board. Appellants contended that the fence did not violate the Ordinance; and in the alternative, if it did violate the Ordinance, that they were entitled to a variance.

The Board held that the fence was in direct violation of the setback provisions of Section 701.12, governing fences and walls on corner lots, and denied the variance because Appellants had not shown the requisite hardship necessary for the Board to grant a variance.

Section 701.12 states:

Fences and Walls on Corner Lots: No fence or wall shall extend beyond the actual front building line of the principal building on a corner lot, and no fence or wall shall be located in that *side yard* adjacent to the street, road or way forming the corner at its intersection with the street or way adjacent to the front yard of the principal building, except that a fence shall be permitted in the *side yard* no closer to the street than the projection of the actual front building line of the principal building on the adjacent property, or if said adjacent property is unimproved, then the required setback line for said adjacent property. (Emphasis added.)

The record reveals that the fence is constructed in the rear yard of Appellants' corner lot, not in the side yard, as found by the Board. The Ordinance defines three types of yard: front, side and rear. These definitions are:

Required Front Yard: A yard across the full width of the lot extending from the front lot line to the front building line, as prescribed in this Zoning Ordinance.

Required Side Yard: A yard *between* the required front and rear yards, extending from the side line of the lot to the side building lines, as prescribed in this Zoning Ordinance.

Required Rear Yard: A yard across the full width of the lot extending from the rear lot line to the rear building line, as prescribed in this Zoning Ordinance. (Emphasis added.)

Section 1156

Diagram 3 of the Ordinance clearly shows that a side yard does not extend beyond the rear building line. In the instant case, sketches and landscaping plans in the record show that Appellants' fence runs along the rear building line and then turns, at approximately a ninety degree (90°) angle, toward the rear lot line. No portion of the fence is located in the side yard adjacent to Filmore Street. Therefore, the Board's finding that the fence is located in the side yard is not supported by substantial evidence.

Because Section 701.12 only controls fences in side yards, Appellants' fence is not in violation of that section. The Board erred in concluding that Section 701.-12 was violated.[1]

---

[1] Although it is probable that the drafters of the Ordinance also intended to restrict fences in *rear* yards on corner lots as well as in side yards. because we must strictly construe zoning ordinances, *Haff*

A thorough reading of the Ordinance reveals no section which prohibits the existing location of Appellant's fence.[2] Therefore, no variance is required. Accordingly, we reverse the decision of the trial court which affirmed the Board's denial of the variance.[3]

ORDER

AND NOW, March 21, 1985, the decision of the Court of Common Pleas of Allegheny County, dated March 30, 1983, at No. SA 888 of 1982, is reversed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

*Appeal*, 68 Pa. Commonwealth Ct. 112, 448 A.2d 120 (1982), we cannot extend the language of Section 701.12.

[2] The only other property on Filmore Road adjacent to Appellants' rear yard does not front on Filmore Road. Therefore, Section 301.6 of the Ordinance, which imposes setbacks on rear yards relative to the front yard of an adjacent residential structure, does not apply in this case.

[3] The Board also found that the fence was partly within the Borough's right of way. We do not, by our decision, intend to rule on the existence of any other remedy available to the Borough if Appellants' fence does indeed encroach upon the right of way. We hold only that the Zoning Ordinance does not prohibit the location of the fence.