Abraham A. Constantino, Jr., and Rose A. Constantino, Appellants *v.* Borough of Forest Hills, Appellee.

311

Argued November 15, 1984, before Judges Rogers, MacPhail and Palladino, sitting as a panel of three.

*Jerry B. Landis,* for appellants.

*Stephen W. Trout,* with him, *Arthur T. Murphy, Jr.,* for appellee.

Opinion by Judge Palladino, March 21, 1985:

Abraham and Rose Constantino (Appellants) appeal a decision of the Court of Common Pleas of Allegheny County (trial court) which affirmed the denial of a variance by the Zoning Hearing Board of the Borough of Forest Hills (Board).

As the trial court took no additional evidence, we are limited to determining whether the findings of the Board are supported by substantial evidence and whether the Board committed an error of law or abused its discretion in denying the variance. *Alle-*

*gheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 471 A.2d 128 (1984).

The Board made the following findings of fact. Appellants reside at 6 Carmel Court, which is a corner lot formed by the intersection of Carmel Court and Filmore Road, and which fronts on Carmel Court. Appellants submitted an application to the Board for a variance to erect a ten-foot high fence in the rear yard of their lot, which would surround a proposed tennis court. The Board, after a hearing, denied the application because Appellants had not shown the requisite hardship necessary for the Board to grant a variance. Additionally, the Board held that the placement of the proposed ten-foot fence would violate the setback requirements for fences on corner lots.

In pertinent part, the applicable section of the Forest Hills Zoning Ordinance (Ordinance) states:

701.10 Fences and Walls: Except as provided in Sections 301.4, 301.6 and 701.12, fences or walls not exceeding five (5) feet in height may be erected in any side or rear yard, but no fence or wall, except retaining walls, as hereinbelow provided for, shall be located in any front yard beyond the actual front building line of the principal building.

An applicant for a variance must prove that because of the property's particular physical or topographical conditions, full adherence to the zoning ordinance or code would result in unnecessary hardship, and that the hardship is unique to the property. The evidence must show that the property cannot be used as zoned, and that a variance is necessary to permit reasonable use. *Somerton Civic Association v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984).

The only hardship claimed by Appellants in this case is that a five-foot fence would not be adequate to prevent tennis balls from escaping the confines of the tennis court. We agree with the Board's conclusion that this does not satisfy Appellant's burden for showing hardship or even for showing a condition unique to the property. Accordingly, we affirm the decision of the Board denying a height variance for Appellants' proposed fence.

As to the portion of the Board's opinion which holds that the location of the proposed fence would violate Section 701.12 of the ordinance, we must reverse. Section 701.12 states:

Fences and Walls on Corner Lots: No fence or wall shall extend beyond the actual front building line of the principal building on a corner lot, and no fence or wall shall be located in that side yard adjacent to the street, road or way forming the corner at its intersection with the street or way adjacent to the front yard of the principal building, except that a fence shall be permitted in the side yard no closer to the street than the projection of the actual front building line of the principal building on the adjacent property, or if said adjacent property is unimproved, then the required setback line for said adjacent property.

Appellants' proposed fence would be located in the rear yard of their corner lot.[1] As we held in the companion case to this appeal, *Constantino v. Borough of*

---

[1] Before the Board, there was some confusion as to whether the area on which the proposed tennis court and fence were to be erected was a separate lot or part of the corner lot on which Appellants' residence is located. The Board found that the area was part of the corner lot. The record shows that this area was within the rear yard of the corner lot.

*Forest Hills,* 88 Pa. Commonwealth Ct. 306, 489 A.2d 968 (1985), Section 701.12 does not restrict the location of fences in rear yards. Therefore, under the Zoning Ordinance, a variance for the location of a fence in Appellants' rear yard is not required.[2]

The decision of the trial court affirming the denial of a variance to Appellants is affirmed in part and reversed in part.[3]

ORDER

AND Now, March 21, 1985, the decision of the Court of Common Pleas of Allegheny Count at No. SA 889 dated March 30, 1982, is affirmed in part and reversed in part.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[2] The only other property on Filmore Road adjacent to Appellants' rear yard does not front on Filmore Road. Therefore, Section 301.6 of the Ordinance, which imposes setbacks on rear yards relative to the front yard of an adjacent residential structure does not apply in this case.

[3] As in the companion case, the location of Appellants' proposed fence may encroach upon the Borough's right of way. We hold only that the Zoning Ordinance does not prohibit the *location* of the fence in Appellants' rear yard. We do not intend to rule on the existence of any other remedy available to the Borough if the proposed fence would indeed encroach upon the right of way.