539 A.2d 48

In Re: The Appeal of Titus Shirk From the Decision of the Zoning Hearing Board of Salisbury Township. Salisbury Township, Appellant.

In Re: The Appeal of Salisbury Township From the Decision of the Salisbury Township Zoning Hearing Board. Salisbury Township, Appellant.

Argued February 23, 1988, before Judges DOYLE, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*James R. McManus, IV*, with him, *Thomas L. Goodman, Goodman & Kenneff*, for appellant.

*James H. Thomas*, with him, *Frank J. Vargish, III, Blakinger, Byler, Thomas & Chillas, P.C.*, for appellee.

OPINION BY SENIOR JUDGE NARICK, March 21, 1988:
This is an appeal by Salisbury Township from a decision of the Court of Common Pleas of Lancaster County which determined that the construction of certain single family dwellings on property owned by Titus Shirk (Shirk) were permitted uses pursuant to Article V, Sec-

tion OS.02(e)(5) of the Salisbury Township Zoning Ordinance (Ordinance).

Shirk is the owner of certain property known as Lots 22 and 23.[1] Portions of Lots 22 and 23 are located in both Caernarvon Township and Salisbury Township. On April 9, 1981, portions of Lots 22 and 23 located in Salisbury Township were rezoned as part of Salisbury Township's Open Space (OS) District and therefore were made subject to Section OS.02(e)(5) of the Ordinance. Section OS.02(e)(5) of the Ordinance provides that permitted uses in the OS District include "[p]ermanent single family residences, erected on minimum one (1) acre lots, when the residential building is within 500 feet of *any existing state or township road. . . .*" (Emphasis added.) In 1982, Caernarvon Township accepted dedication of Ellwood Street. All of Lot 22 and part of Lot 23 are located within 500 feet of Ellwood Street.

On December 6, 1984, Shirk requested building permits from Salisbury Township in order to construct single family dwellings on Lots 22 and 23 from the Salisbury Township Zoning Officer. The permits were denied. On January 3, 1985, Shirk appealed to the Salisbury Township Zoning Hearing Board (Board) requesting an interpretation of Section OS.02(e)(5) of the Ordinance which would permit construction of single family dwellings on Lots 22 and 23 or in the alternative that variances from the 500 feet requirement be granted with respect to Lots 22 and 23. The Board granted Shirk a variance as to Lot 22 based upon the "de minimis" impact the proposed construction would have on the OS District. However, with respect to Lot 23, construction of a single family dwelling was denied be-

---

[1] According to the record, Lot 22 consists of approximately one acre and Lot 23 consists of 14.283 acres.

cause the Board interpreted the phrase "existing state or township road" as found in Section OS.02(e)(5) of the Ordinance to require such township or state road to be in existence on or before April 9, 1981, the date of the OS District amendment to the Ordinance.

Shirk appealed to the trial court with respect to the Board's denial of construction of a single family dwelling on Lot 23 and Salisbury Township appealed the Board's grant of a variance with respect to Lot 22. The trial court dismissed Salisbury Township's appeal, but sustained Shirk's appeal noting that the phrase "existing state or township road" was not defined in the Ordinance and was ambiguous. The trial court opined that Section OS.02(e)(5) of the Ordinance must be liberally construed to allow construction within 500 feet of roads in existence at the time of application for permit, and if Salisbury Township had intended a more restrictive interpretation of the phrase "existing state or township road" it could have done so by adding either an appropriate definition or limiting phrase to the language of Section OS.02(e)(5) of the Ordinance. The trial court concluded that construction of single family residences on Lots 22 and 23 were permissible uses pursuant to the Ordinance.[2]

On appeal, Salisbury Township presents two issues for our resolution: (1) whether the Board erred in its interpretation of "existing state or township road" pursuant to Section OS.02(e)(5) of the Ordinance and (2) whether the Board erred in granting a variance to Shirk with respect to Lot 22. Where, as here, the trial court, in reviewing a zoning appeal has taken no additional evidence beyond that presented to the zoning hearing

---

[2] The trial court, because it determined that construction of single family residences on Lots 22 and 23 were permissible uses, did not address the variance issue raised by Salisbury Township.

board, our scope of review is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

Salisbury Township argues that the phrase "existing state or township road" as construed by the trial court will render the intended purpose of the OS District meaningless because the trial court's interpretation permits continual construction and dedication of township and state roads. Section OS.01 of the Ordinance states that the purpose of the OS District "is to provide for the preservation and conservation of the natural environment and natural resources while providing for such uses and development as are compatible with these objectives".

There is no definition in the Ordinance for the phrase "existing state or township road" or for the term "existing"; and their definitions cannot be inferred by this Court. *See Glencrest Realty Co. v. The Zoning Hearing Board of Washington Township*, 46 Pa. Commonwealth Ct. 177, 406 A.2d 836 (1979). This Court has consistently held that ambiguous or undefined terms in an ordinance which restrict a permitted use shall be construed broadly so as to give the landowner the benefit of the least restrictive use. *See JALC Real Estate Corp. v. Zoning Hearing Board of Lower Salford Township*, 104 Pa. Commonwealth Ct. 605, 522 A.2d 710 (1987); *Laird v. City of McKeesport*, 88 Pa. Commonwealth Ct. 147, 489 A.2d 942 (1985); *Cook v. Marple Township Zoning Hearing Board*, 55 Pa. Commonwealth Ct. 535, 423 A.2d 1105 (1980). It is an abuse of discretion for a zoning hearing board to narrow the terms of an ordinance and further restrict the use of property. *Lake Adventure, Inc. v. The Zoning Hearing*

*Board of Dingman Township,* 64 Pa. Commonwealth Ct. 551, 440 A.2d 1284 (1982).

We agree with the trial court's reasoning that if Salisbury Township intended the phrase "existing state or township road" to mean only roads in existence at the time the April 9, 1981 amendment to the Ordinance was enacted, then it simply could have added an appropriate definition or limiting phrase to the language of Section OS.02(e)(5) of the Ordinance. Absent such clear manifestation of intent, the Board committed an error of law when it chose to interpret the Ordinance in such a restrictive manner. We do not find Salisbury Township's argument persuasive that the trial court's interpretation of the Ordinance renders the purpose of the OS District meaningless because the trial court's interpretation allows continual construction and dedication of state and township roads. Any land dedication in Salisbury Township for road purposes must first be approved by the township commissioners or supervisors. *See* Section 2020 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §57020 and Section 1140.1 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §66140.1.

Accordingly, it is this Court's conclusion that the construction of a single family dwelling on Lot 22 and the construction of a single family dwelling on Lot 23 are permitted uses pursuant to the Ordinance. In light of our conclusion, we need not address the variance issue.

## ORDER

AND NOW, this 21st day of March, 1988, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.