583 A.2d 15

**Michael L. FEDERICI, Janet R. Brocato et al.**

**v.**

**BOROUGH OF OAKMONT ZONING HEARING BOARD and McDonald's Corporation.**

**Appeal of Michael L. FEDERICI.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Nov. 28, 1990.

Petition for Allowance of Appeal Granted June 25, 1991.

Richard H. Luciana, Oakmont, for appellant.

Robert H. Shoop, Jr., Thorp, Reed & Armstrong, Pittsburgh, for appellee.

Victor R. Delle Donne, Baskin, Flaherty, Elliott & Mannino, P.C., Pittsburgh, for intervenor, McDonald's Corp.

Before DOYLE and COLINS (P.), JJ., and BARRY, Senior Judge.

COLINS, Judge.

Michael L. Federici (Federici) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his appeal from the decision of the Zoning Hearing Board of the Borough of Oakmont (Board). The Board's decision granted a special exception to McDonald's Corporation (McDonald's) to use a property in a

C–Commercial District at the corner of Allegheny and Washington Avenues as a drive-in restaurant. We reverse.

McDonald's filed an application for a special exception on July 22, 1987. The Board held two public hearings and subsequently issued a decision granting the special exception to McDonald's for the restaurant, but without a drive-through window. McDonald's and Federici appealed to the trial court. These two appeals were consolidated and a consent order entered into, which remanded the two appeals for additional Board hearings, with instructions that the Board issue a new decision at the conclusion of all the hearings based on the expanded record. Two additional hearings were held and resulted in the Board's granting McDonald's request for the special exception. This new order also allowed for the drive-through window. After various motions were denied by the trial court, Federici appealed to this Court.[1]

Federici raises the following four issues for our review: (1) whether the trial court erred in affirming the Board's conclusion that the property (a corner lot bounded by two public streets) does not front on both streets and, therefore, does not violate the Oakmont Zoning Ordinance in that a drive-in restaurant may not front on a street within 100 feet of a residential district; (2) whether the trial court erred in affirming the Board's conclusion that McDonald's had standing to apply for a special exception under the Pennsylvania Municipalities Planning Code (MPC);[2] (3) whether the trial court erred in holding that the Board had not violated Federici's due process rights when the same Solicitor represented both the Zoning Hearing Board and the Borough of Oakmont (Borough); and (4) whether the trial court erred in not holding that the Board abused its discretion when it

1. Where the trial court takes no additional evidence subsequent to the Board's determination, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). A conclusion that the Board abused its discretion may be reached only if its findings are not supported by substantial evidence. *Id.*

2. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

reversed its prior decision to disallow a drive-through window without presentation of new evidence.

The Oakmont Borough Zoning Ordinance (Ordinance) allows for a drive-in restaurant in a C–Commercial District when authorized as a special exception, with several criteria to be met prior to its granting. The Ordinance provides, in pertinent part, that the drive-in restaurant "may be permitted on a lot not less than one hundred (100) feet from any lot in a residence district fronting on the same street." Ordinance § 84–13A. The subject property is a corner lot "fronting on" Washington Avenue and Allegheny Avenue. It is undisputed that residential lots front Washington Street within 100 feet of the property. Federici argues that upon the basis of the above quoted restriction, a special exception should not have been granted by the Board. The Board and McDonald's argue that the front of the proposed building will face or front on Allegheny Avenue and, therefore, will satisfy the Ordinance requirement.

Section 84–22 of the Ordinance sets forth the area regulation in a C–Commercial District. Specifically, Section 84–22C of the Ordinance states:

> Front yards. There shall be a front yard on each street on which a lot abuts which shall be not less than fifteen (15) feet in depth, provided that the *front yard on the long side of a corner lot* may be reduced to a depth of not less than ten (10) feet. (Emphasis added.)

Although "fronting on" is not defined in the Ordinance, the trial court cited *Salisbury Township Appeal,* 114 Pa.Commonwealth Ct. 493, 539 A.2d 48 (1988), for the proposition that:

> ambiguous or undefined terms in an ordinance which restrict a permitted use shall be construed broadly so as to give the landowner the benefit of the least restrictive use. It is an abuse of discretion for a zoning hearing board to narrow the terms of an ordinance and further restrict the use of property.

*Id.,* 114 Pa.Commonwealth Ct. at 497, 539 A.2d at 50–51 (citations omitted). However, when a court is required to determine the meaning of a zoning ordinance provision,

undefined terms must be given their plain, ordinary meaning. *Appeal of Mt. Laurel Racing Association,* 73 Pa. Commonwealth Ct. 531, 458 A.2d 1043 (1983). Furthermore, zoning ordinances must be strictly construed. *Constantino v. Borough of Forest Hills,* 88 Pa.Commonwealth Ct. 306, 489 A.2d 968 (1985).

Black's Law Dictionary 602 (5th ed. 1979) defines "frontage" as denoting a line of a property on a street and the extent of front along the road or street. The definition for "fronting and abutting" is also given as signifying abutting, adjoining, or bordering on, depending largely on the context. Webster's Third New International Dictionary 914 (1966) defines "frontage" as a portion of land that fronts as on a road. Webster's also defines "front" as land that faces or abuts as on a road. Although McDonald's argues that the orientation of the building is determinate, citing *Constantino,* that case does not stand for this proposition. That case concerned definitions of front yard, side yard and rear yards, and although the Court states that the lot fronts on one of the two intersecting streets that abut the property, it does not give any explanation for the statement, nor does the issue concern whether the property fronts on both streets. Given these definitions, it is clear that the property in question here is fronting on two streets.

The above conclusion is buttressed by *Trush v. Township of Bensalem,* 56 Pa.Commonwealth Ct. 232, 424 A.2d 988 (1981), wherein this Court quoted *Jersild v. Sarcone,* 260 Iowa 288, 149 N.W.2d 179 (1967) for the proposition that:

'[w]here lots or tracts abut on a street, we have *frontage,* and of course *as to corner lots there is a frontage on two streets.'* Id. [260 Iowa] at 295, 149 N.W.2d at 184 (emphasis added). Since the ordinance did not specify which street the owner of a corner lot must use to determine his front yard, the court concluded that it was proper for the owner 'to choose which frontage he desired to use as his front yard.' Id. at 295, 149 N.W.2d at 185.

*Trush* at 234, 424 A.2d at 989 (emphasis deleted). The *Trush* court further opined that "front yard" and "front-

age" have little in common. However, since the issue in *Trush* concerned minimum frontage requirements for front yards of a corner lot wherein "front yard" was defined in terms of setback, its holding is not applicable to the instant case. What is helpful is the language that corner lots have frontage on two streets. Under this analysis, it is evident that the subject property herein is fronting on both Washington and Allegheny Avenues and, therefore, according to Section 84–33A of the Ordinance a drive-in cannot be permitted because lots in a residence district are fronting on the same street within one hundred feet of the property.

Due to appellants having prevailed on the first issue, any discussion of the remaining allegations of error has become moot. Accordingly, we shall enter an order reversing the trial court.

## ORDER

AND NOW, this 28th day of November, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.