## Schimmel Development Corp. v. Zoning Hearing Board of the City of Allentown

*Henry S. Perkin,* for plaintiff.
*Donald E. Wieand Jr.,* for defendant.

MELLENBERG, *J.,* March 5, 1991—We have before this court Schimmel Development Corp.'s appeal from an order of the Allentown Zoning Hearing Board, dated July 5, 1990. Schimmel planned to construct row homes on a certain parcel of land situate in the city of Allentown. The board's order denied Schimmel's request for a favorable interpretation of section 704, paragraph 2 of the Allentown Zoning Ordinances. The issue presented to the board and now before this court is whether an open front porch is to be included when calculating the mean distance of front yard setback of buildings within 100 feet under section 704, paragraph 2. A public hearing was held on Monday, May 21, 1990, before the board; said hearing was continued until June 18, 1990, at which time the board rendered its decision in this matter.

Section 704, paragraph 2 permits a front yard setback no greater than the mean distance of the front yard setback of the nearest buildings, other than accessory buildings, within 100 feet on each side of the building

in question and fronting on the same side of the street. In this instance, within 100 feet to the west side is a home owned by the McGeehan family. The front yard setback distance from the front wall of the Mc-Geehan house, excluding the front porch, is 13.6 feet. The front yard setback distance from the front wall of the open porch of the McGeehan house is one foot. To the east, a home referred to by the board as the Schimmel house is located within 100 feet which has an open front porch facing Reading Road. The front yard setback distance from the front wall of the Schimmel house, excluding the open porch, is 16.2 feet. The front yard setback distance from the front wall of the open porch of the Schimmel house, including the front wall of the open porch, is 6.8 feet.

Pursuant to section 704, paragraph 2, the board determined that the main front yard setback is the average of 13.6 feet and 16.2 feet, or 14.9 feet. The appellant contends that the main front yard setback is 3.9 feet, the average of one-foot front yard setback from the open porch of the McGeehan house and the 6.8-foot front yard setback from the open porch of the Schimmel house. The issue we must determine is whether the open porch is to be included when calculating front yard setback.

Initially we note that the trial court is not obligated to receive additional evidence in reviewing an appeal from a decision of a Zoning Hearing Board, but the court must review the Zoning Hearing Board's action to determine whether the Zoning Hearing Board abused its discretion, made findings unsupported by substantial evidence, or committed errors of law. *Nascone v. Ross Twp. Zoning Hearing Board*, 81 Pa. Commw. 482, 472

A.2d 1141 (1984). Section 704 provides in pertinent part at paragraph 2:

"No front yard shall be required greater than the mean distance of setback of the nearest building or buildings other than accessory buildings within 100 feet on each side of the said building and fronting on the same side of the street."

The board determined that the open porch was not to be included in calculating the front yard setback and held that the open porch is not considered a building for determining the mean setback distance. In arriving at its decision, the board cited prior zoning ordinances which indicated that a building setback line is the front wall of the structure itself. See opinion of the board dated July 5, 1990, at exhibits B through F. Further in support of its decision, the board cited a 1976 amendment to the zoning ordinance in which the Allentown City Council indicated that open porches may be placed in the required front yard. The board interpreted this amendment as stating that porches are a permissive extension and should therefore not be considered a building.

A legislative body may furnish its own definitions of words or phrases in zoning ordinances in order to guide and direct judicial determinations of legislation, and such definitions may be different from ordinary usage. *Klein v. Lower Macungie Township,* 39 Pa. Commw. 81, 395 A.2d 609 (1978). In interpreting zoning ordinance provisions, restrictive language must be strictly construed so as to allow the landowner the least restrictive use of his property. *Appeal of Haff,* 68 Pa. Commw. 112, 448 A.2d 120 (1982). With the

aforementioned principles in mind, we begin our analysis of section 704, paragraph 2, by noting that said paragraph utilizes the terms "building," "open porch," "structure" and "accessory buildings." The term "building" is defined as follows:

"Any structure having a roof supported by columns, piers or walls including tents, lunch wagons, trailers, dining cars, camp cars or other structures on wheels, or having other support and any unroofed platform, terrace or porch having a vertical face higher than three feet above the level of the ground from which the height of the building is measured." Allentown Zoning Ordinance Definitions, appendix A, at no. 9.

The term "open porch" is defined as follows:

"A roofed structure, open on three sides, and having no enclosed features of glass, wood or other materials more than 30 inches above the floor thereof except for screening and necessary roof supports. A porch shall not be considered open if enclosed by either permanent or detachable glass sash." Allentown Zoning Ordinance Definitions, appendix A, at no. 57.

The term "structure" is defined as follows:

"Anything constructed or erected, which requires its permanent location on or below the ground, or which is permanently attached to something having a permanent location upon the ground, excepting fixed and movable awnings." Allentown Zoning Ordinance Definitions, appendix A, at no. 81.

Based upon our reading of the three aforestated definitions, we agree with the appellant that an open porch falls within the meaning of a "building." Specifically, we hold that an open porch constitutes a roofed structure,

and a roofed structure is "any structure having a roof supported by columns....". We believe that in interpreting the zoning ordinances, the board committed an error of law by failing to recognize that an open porch is a building as defined by appendix A of the Allentown Zoning Ordinances. Therefore, we believe that appellant's interpretation of the zoning ordinances, specifically that an open porch is to be included when determining the mean setback distance, is correct.

For the aforementioned reasons, the petition for appeal of the Zoning Hearing Board of Allentown is granted and the case is remanded back to the board for proceedings consistent with this opinion.

## ORDER

And now, March 5, 1991, after oral argument, it is ordered that appellant's petition for appeal is granted and this case is remanded back to the Zoning Hearing Board of the City of Allentown for proceedings not inconsistent with this order and accompanying opinion.