## Commonwealth v. Stiver

*Michael Salisbury, assistant district attorney,* for the Commonwealth.
*Craig P. Miller,* for defendant.

SAXTON, *J.,* March 5, 1992—The defendant has been charged with five counts of aggravated assault, four counts of simple assault, two counts of recklessly endangering another person, one count of resisting arrest and two counts of disorderly conduct. The charges stem from the following events which occurred on June 22, 1989. Pursuant to a petition, filed by Vicky M. Stiver, this court entered a protection from abuse order against the defendant. Said order provided for service by the Lock Haven Police or alternatively by the Pennsylvania State Police. Two Pennsylvania State Police troopers ultimately attempted to serve the defendant,

at which time the defendant refused service and pushed the troopers, injuring them both.

The defendant filed this motion to quash on the basis that the troopers were not in the performance of duty when the events occurred. Pursuant to §2702 of the Crimes Code a person is guilty of aggravated assault if he "(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer ... in the performance of duty...." 18 Pa.C.S. §2702(a)(2). The issue presented: Is a police officer in the performance of duty when he is ordered to serve a protection from abuse order?

In support of his argument, the defendant avers that nowhere in the powers and duties of the Pennsylvania State Police as enumerated at 71 P.S. §250 does it state that the Pennsylvania State Police have the power or duty to serve protection from abuse orders. While the court agrees that this duty is not specifically spelled out as a power, the court notes that section (d) of the statute provides that it shall be the duty of the Pennsylvania State Police "whenever possible, to *cooperate with counties and municipalities* in the detection of crime, the apprehension of criminals, and the *preservation of law and order* throughout the state." 71 P.S. §250(d). (emphasis added) The legislature has thus expressly directed the Pennsylvania State Police to aid counties in the preservation of law and order. This is precisely the aim of this court when it directs the Lock Haven Police or the Pennsylvania State Police to serve protection from abuse orders.

Furthermore, the protection from abuse Act provides that "the court shall adopt a means of prompt and effective service in those instances where the plaintiff avers that service cannot be safely effected by an adult individual other than a law enforcement officer or where

the court so orders." 23 Pa.C.S. §6106(d). It is significant for two reasons that the term "law enforcement officer" is used.

First, the legislature could not have intended for "law enforcement officer" to simply mean "sheriff" since the very next section of the Act is entitled "Service by Sheriff" and concerns the waiver of sheriff fees for indigent plaintiffs. 23 Pa.C.S. §6106(e). The proximity of the two sections suggests that the legislature did not intend for the terms "sheriff" and "law enforcement officer" to be used interchangeably. It is well established that in construing a statute, a court must determine legislative intent from the totality of the statute. *Causer v. Manderino*, 388 Pa. Super. 564, 488 A.2d 36 (1985).

Second, the plain meaning of the statute is that service may be made by a "law enforcement officer" not a "law enforcement officer acting in his private capacity." In interpreting statutes, a court should not assign contrived meaning to clear language. *Crosby by Crosby v. Sultz*, 405 Pa. Super. 527, 592 A.2d 1337 (1991). Therefore the court finds that the PFA statute enables it to order the State Police to serve protection from abuse orders while on duty.

Finally, Rule 1903(b) of the Pennsylvania Rules of Civil Procedure, which deals with actions pursuant to the PFA Act, states that "an order entered under section 5 and 6 of the Act shall be served and enforced by such persons and in such manner as the court shall direct in the order." The rule gives the court broad leeway in determining the best manner of service. The court feels that this is further evidence of the legislature's concern regarding the dangerous atmosphere that surrounds many domestic abuse actions.

Since the court finds the Pennsylvania State Police were performing their duties in the present case the defendant's motion to quash is dismissed.

## ORDER

And now, March 5, 1992, based upon the foregoing opinion, it is hereby ordered that defendant's motion to quash information be dismissed and the requested relief be denied.