Lake Adventure, Inc., Appellant *v.* The Zoning Hearing Board of Dingman Township and Dingman Township, Appellees.

Argued November 19, 1981, before President Judge CRUMLISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Charles B. Zwally, Shearer, Mette & Woodside,* for appellant.

*John H. Klemeyer, Beecher, Wagner, Rose & Klemeyer,* for appellees.

OPINION BY JUDGE MACPHAIL, February 17, 1982:

Lake Adventure, Inc. (Appellant) appeals from an order of the Court of Common Pleas of Pike County which affirmed the decision of the Dingman Township Zoning Hearing Board (Board) to deny Appellant's application for a special exception. We affirm.

Appellant owns a 397 acre tract of land located in Dingman Township (Township) which it is developing as a recreational vehicle park. The tract is located in an R-3 zoning district which allows recreational vehicle parks by special exception. The Board's approval of Appellant's application for such a special exception on May 9, 1977 is not at issue in the instant proceeding. Appellant plans to ultimately subdivide its tract into 1,700 campsites.

On May 18, 1977 Appellant applied for a zoning permit to allow it to provide certain "essential commercial services" to the park. Among the services proposed were recreational vehicle sales and servicing, a general store, a laundromat and propane gas sales. The services were to be located on a strip of land bordering Legislative Route (L.R.) 739 and were to be housed in a building constructed outside the park's guardhouse with a 100-foot setback from the centerline of L.R. 739. The Board denied the application on July 26, 1977 concluding, *inter alia,* that the services proposed were not "essential" services as defined by the Township's ordinance.

Appellant subsequently filed a curative amendment request with the Township Board of Supervisors pursuant to Sections 609.1 and 1004(b) of the Penn-

sylvania Municipalities Planning Code (MPC)[1], requesting that the proposed commercial services be defined in the ordinance as "accessory uses" to recreational vehicle parks or that the specified portion of Appellant's tract be rezoned as a commercial district. Following a hearing, the requests were denied in a written decision by the Township Supervisors; however, the Supervisors also decided that the commercial services should be permitted by special exception. Accordingly, on June 20, 1978 the Township Supervisors amended the zoning ordinance to provide, in pertinent part, as follows:

> The provision of commercial services or the sale and servicing of recreation vehicles to lot owners in a recreational vehicle campground shall be permitted only by special exception in the R-3 Mobile Home Park Zoning district. The Zoning Hearing Board shall review the application and shall grant or deny the special exception based upon the following standards:
>
> (a) The services permitted shall be specifically stated.
>
> (b) The Board shall consider the size of the campground and its proximity to commercial districts in the Township.
>
> (c) The area to be used for commercial services or the sale and servicing of recreation vehicles shall be adequate in size to provide for necessary facilities, such as access, parking, and, when applicable, on-lot sewage disposal.
>
> (d) The services area shall be set back from public roads and other property *so as not to be readily visible* from those areas at a location and distance approved by the Board.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1 and 11004.

(e)   No signs of any sort located outside of the campground shall direct the general public to the services and all signs of any sort within the Township which refer to the campground and/or services offered there shall receive the prior approval of the Board before erection. (Emphasis added.)

Appellant applied for a special exception on August 15, 1978 pursuant to the above provisions. After two hearings (at which the Township appeared as a protestant) and an amendment to the application, the Board denied the request on April 17, 1979 finding that the services area would create a traffic hazard, would be readily visible from L.R. 739 and other property, would benefit the general public rather than just the lot owners within the campground and would not be in harmony with the spirit and purpose of the ordinance. On appeal, the court of common pleas affirmed, concluding that the proposed use was not of the nature intended by the ordinance since the services were not directed solely toward the park's lot owners.

Appellant has raised the following issues for our consideration: 1) whether or not the "readily visible" standard in the ordinance is so vague or unrelated to proper zoning purposes as to be invalid, and 2) whether or not the Board committed an error of law or made findings of fact which are unsupported by substantial evidence.

Where, as here, the court below has taken no additional evidence, our scope of review is limited to determining whether or not the Board committed an abuse of discretion or an error of law. *Brunner v. Upper Makefield Township Zoning Hearing Board*, 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974). If the Board's fact findings are unsupported by substantial competent evidence of record, it has committed an abuse of discretion. *West Whiteland Township v. Sun*

*Oil Co.*, 12 Pa. Commonwealth Ct. 159, 316 A.2d 92 (1974).

Appellant's initial challenge addresses the substantive validity of the "readily visible" standard in the Township's ordinance. Appellant argues that the standard grants unfettered discretion to the Board to determine if the proposed services would be readily visible from public roads and other property and is, therefore, invalid due to its vagueness. Appellant further contends that the standard is unenforceable because it was enacted with the protectionist intent to limit commercial competition within the Township. Since we perceive fatal procedural defects in the manner by which Appellant has raised these substantive challenges, we will not resolve those challenges on their merits.

It is clear that the exclusive procedural devices by which the validity of township ordinances may be challenged on substantive grounds are those provided by Section 1004 of the MPC, 53 P.S. §11004. *GFM Associates Appeal*, 30 Pa. Commonwealth Ct. 476, 373 A.2d 1370 (1977). The landowner may present such challenges either to the zoning hearing board under Section 1004(1)(a) or by curative amendment to the municipality governing body under Section 1004(1)(b). When proceeding before the zoning hearing board, the landowner must request in writing that the board hold a hearing on the challenge. The written request must also inform the board of the grounds for the challenge. Section 1004(2)(a) of the MPC, 53 P.S. §11004(2)(a).

In the instant case, all that was before the Board was Appellant's application for a special exception. The general validity challenges were apparently raised for the first time in Appellant's brief filed with the Board. There is nothing in the record to indicate that the procedural mandates of Section 1004 were satisfied. No hearing was held on the challenges and

the record contains no written request for such a hearing. For those reasons, apparently, neither the Board nor the common pleas court addressed the substantive challenges to the ordinance. Since the exclusive procedural devices available to present the challenges here raised were not employed by Appellant, they are deemed waived. We will, therefore, proceed to review the Board's decision to deny Appellant's application for a special exception.

The law regarding special exceptions is clear. The applicant must present evidence and has the burden of persuading the board that his proposal complies with all objective requirements of the ordinance. The objectors have the duty of presenting evidence and must persuade the board that the proposal will have a detrimental effect on the health, safety and welfare of the citizens or that it will conflict with general policy statements contained in the ordinance. *Foster Grading Co. v. Venango Township Zoning Hearing Board*, 49 Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980).

In the instant case, the Board denied the application for a special exception for the following reasons: 1) portions of the area would be readily visible from L.R. 739 and other property; 2) the commercial services area would create a traffic hazard; 3) the services would be for the benefit of the general public as well as lot owners in close proximity to the area; and 4) the proposed use is not in harmony with the spirit and purpose of the ordinance.

With regard to the "readily visible" standard, which we think is an objective standard with the burden on the Appellant, the Board concluded that "certain portions of the building and recreational vehicles which would be parked at the proposed commercial service area would be in fact visible by passengers and drivers in automobiles travelling along Pennsylvania Route 739." The Board found that a pro-

posed six-foot high stockade fence and the planting of trees along L.R. 739 would not provide an adequate visual screen. Evidence in the record establishes that the portions of the building which would be visible would be the top one-foot of one section and the top eight-feet of another portion of the services building roof. Also, the top three-feet of any parked recreational vehicles could be seen over the proposed fence and trees. In our opinion this evidence does not support a conclusion that the "services area" is readily visible from L.R. 739. Undefined terms in a zoning ordinance are to be given their plain and ordinary meaning. *Kuhn v. Hanover General Hospital*, 34 Pa. Commonwealth Ct. 207, 382 A.2d 1305 (1978). We believe the plain meaning of the Township's ordinance is that the services area *as a whole* not be readily visible from public roads. This conclusion is consistent with the principle that restrictive language in zoning ordinances must be strictly construed. It is an abuse of discretion for a board to narrow the terms of an ordinance and further restrict the use of property. *West Whiteland Township v. Exton Materials, Inc.*, 11 Pa. Commonwealth Ct. 474, 314 A.2d 43 (1974). Thus, we conclude that evidence that a portion of the services building roof would be readily visible from L.R. 739 is not sufficient as a matter of law to find noncompliance with this provision of the ordinance.

We do agree with the Board, however, that Appellant has not satisfied its burden of proving that the services area would not be readily visible from adjoining property known as Cranberry Ridge. Testimony in the record on this point was given by the president of Appellant, who stated that the area was not readily visible from Cranberry Ridge and by Appellant's consulting engineer who testified that the area "could possibly" be readily visible from that property depending on the thickness of the underbrush on the land.

Since Appellant had the burden of proof and it is the Board's function to weigh the evidence before it, *Center City Residents Association v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 416, 410 A.2d 374 (1980), we cannot say that the Board erred in concluding that the ordinance requirement was not satisfied.

Furthermore, we must agree with the Board and the lower court that the record supports the conclusion that the services area was intended by Appellant to be directed toward the general public in addition to the park's lot owners and users. Any ambiguity in the ordinance itself as to whether the services must be directed to lot owners alone is resolved by the Township Supervisors' statement of intent[2] that the "services are to be directed toward the lot owners and not toward the general public." The president of Appellant testified that the proposed location of the commercial services area was in part based on its accessibility to the general public. We must conclude that Appellant has failed to establish that its proposal is the kind of use authorized as a special exception by the Township's zoning ordinance. *See Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

In light of our conclusion that the Board properly denied the special exception application based on Appellant's failure to satisfy the specific requirements of the ordinance, we need not rule on the other bases for the Board's decision.

Order affirmed.

---

[2] This statement was a part of the Supervisors' conclusions contained in their decision on Appellant's curative amendment request.

## Order

And Now, this 17th day of February, 1982, the order of the Court of Common Pleas of Pike County, dated October 15, 1980, No. 10 May Term, 1979, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.