Allegheny West Civic Council, Inc., Appellant v. The Zoning Board of Adjustment of The City of Pittsburgh et al., Appellees.

Argued November 17, 1983, before Judges Rogers, MacPhail and Barry, sitting as a panel of three.

*Frederick R. Nene,* for appellant.

*William P. Bresnahan,* with him *Kellen McClendon and Denise L. Wilsher,* for appellees.

OPINION BY JUDGE MACPHAIL, February 1, 1984:

Allegheny West Civic Council, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Allegheny County entered following our prior ruling and remand in *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment (Allegheny West I),* 67 Pa. Commonwealth Ct. 54, 446 A.2d 334 (1982).

The underlying zoning dispute involves an application for a special exception filed by the Community College of Allegheny County (CCAC) to enable it to use an existing building for administrative offices. The Zoning Board of Adjustment of the City of Pittsburg (Board) originally granted the application and the common pleas court affirmed. On appeal, we determined in *Allegheny West I* that a remand was necessary for further fact findings and resolution of the issue of whether the proposed administrative offices constitute an "educational institution" use as that term is defined by Pittsburgh's Zoning Ordinance (Ordinance). The importance of this issue results from the fact that if the use falls within the category of an "educational institution", then CCAC must seek approval by way of a conditional use application, which must ultimately be acted on by City Council rather than the Board. If, on the other hand, the offices are not a part of the educational institution, they would be entitled to approval as a continuation of the existing office use. *Allegheny West I,* 67 Pa. Commonwealth Ct. at 59 n. 2, 446 A.2d at 336 n. 2.

An "educational institution" is defined in Section 903.02(e) of the Ordinance as follows:

> *Educational* institution means a college or university giving general academic instruction,

as prescribed by the Commonwealth. *Included within this term are areas or structures used for administration,* housing of students or faculty, dining halls, or social or athletic activities, *when located on the institution's land that is not detached from that portion of the campus where classroom facilities are maintained, by more than street and/or other property owned by the institution.* (Emphasis added.)

In *Allegheny West I,* 67 Pa. Commonwealth Ct. at 57, 446 A.2d at 335, we interpreted this provision to require that streets and other property owned by an educational institution be disregarded in determining whether an administration building is so detached from the institution's classroom facilities as to be treated separately from the college for land use planning purposes. Since neither the Board nor the common pleas court had made findings regarding the contiguity of the proposed offices to campus classrooms, we remanded.

The court of common pleas on remand declined to conduct an evidentiary hearing itself and, instead, referred the matter to the Board for proceedings consistent with our decision in *Allegheny West I.* The Board subsequently conducted a hearing at which certain pertinent amendments were made to CCAC's application. First, CCAC altered its application to specify that the proposed administrative offices would be central offices for the entire CCAC system, rather than for the Allegheny Campus alone.[1] It was also

---

[1] This amendment was apparently made by CCAC to demonstrate that the proposed offices would not be a functional part of the Allegheny Campus. We think, however, that the central administrative offices of CCAC could be considered an integral part of any of the CCAC system campuses, as long as the offices are not detached from campus classroom facilities under the Ordinance definition.

revealed during the hearing that seminar classroom facilities are not to be included in the administration building, as had previously been contemplated.[2] Finally, two additional properties which are relevant to the contiguity issue have been purchased by CCAC since its original application was filed: 1) a parking lot located directly across North Lincoln Avenue from the subject site and 2) a property located at 915 Ridge Avenue. Since CCAC was permited to amend its application at the Board's remand hearing, we think it was also proper for the Board to consider CCAC's recent property acquisitions in resolving whether the site at issue is detached from or contiguous to campus classrooms under the Ordinance definition.

Based on the evidence adduced at the remand hearing, the Board issued a decision in which it found that "the proposed administration building is located on college land not detached from that portion of the college campus where classroom facilities are maintained, by other than streets and other college property". The Board, accordingly, reversed its prior decision granting CCAC's special exception application and concluded that conditional use approval should instead be sought by CCAC.[3]

CCAC appealed the Board's decision to the court of common pleas which determined that the Board's decision on remand was recommendatory only and that since the Board's findings were not supported by

---

[2] The relevance of this amendment is that had seminar classroom facilities been proposed, such facilities by their own nature would automatically place the proposal within the category of "educational institution". *Allegheny West I*, 67 Pa. Commonwealth Ct. at 59, 446 A.2d at 336.

[3] After the Board's decision was filed, CCAC did submit an application for a conditional use with the Pittsburgh Planning Commission. Those proceedings are the subject of another appeal presently before this Court, docketed at 2211 C.D. 1983.

substantial evidence, the court could not adopt them as its own. The court, therefore, substituted its own fact findings for those of the Board and ruled that the proposed site is *not* adjacent to campus classroom facilities and, thus, is not within the "educational institution" use category. We conclude that the common pleas court erred in substituting its own fact findings for those of the Board and that the Board's findings are clearly supported by substantial evidence.

We first observe that the common pleas court did not err in remanding to the Board for an evidentiary hearing following our remand in *Allegheny West I*. Once the court decided to refer the matter back to the Board, however, we believe that the Board's subsequent decision was entitled to the same consideration as any other decision of that agency. The parties have not cited, and our research has not disclosed, any authority to support the proposition that the common pleas court can regard a Board decision as a mere recommendation. We, accordingly, conclude that the court erred in failing to regard the Board's decision as a final order subject to appeal under the Local Agency Law, 2 Pa. C. S. §§551-55, 751-54. We further conclude that the court erred in making its own fact findings without taking additional evidence. *See Frey v. Zoning Board of Adjustment, City of Pittsburgh*, 74 Pa. Commonwealth Ct. 360, 459 A.2d 917 (1983).

Our scope of review in the instant appeal, then, is the usual standard which is applied when the common pleas court fails to take additional evidence in a zoning matter. We must review *the Board's* decision for abuse of discretion or legal error. *Reimer v. Zoning Board of Adjustment, City of Pittsburgh*, 70 Pa. Commonwealth Ct. 479, 453 A.2d 696 (1982). An abuse of discretion exists if the Board's fact findings are not supported by substantial competent evidence.

*Lake Adventure, Inc. v. Dingman Township Zoning Hearing Board,* 64 Pa. Commonwealth Ct. 551, 440 A. 2d 1284 (1982).

We have carefully reviewed the record and conclude that the Board's finding that the proposed site is not detached from campus classroom facilities by more than streets or other CCAC-owned property is clearly supported by substantial evidence. A neighboring landowner testified that he walked from the site at issue to CCAC classroom facilities "by traveling on land owned by the Community College and by crossing only Ridge and North Lincoln Avenues and other property, which is also owned by Community College." CCAC contends that contiguity is interrupted, however, by the fact that in traveling from the subject site to classroom facilities, a parking lot owned by CCAC on the north side of Ridge Avenue is not directly opposite CCAC-owned property on the south side of Ridge Avenue. Instead, CCAC contends that the nearest parcel (915 Ridge Avenue) is located diagonally across Ridge Avenue, beginning approximately twenty-eight feet to the east of the parking lot's side boundary. We observe that CCAC did not offer testimony before the Board regarding this twenty-eight foot "gap", although the maps of record do depict the lack of precise alignment between the side boundaries of the CCAC-owned properties on the north and south sides of Ridge Avenue. We think the Board, however, could reasonably conclude that the difference in side boundaries was not so great as to render the proposed offices detached from the classroom facilities under the Ordinance. We observe, in fact, that a CCAC representative at the remand hearing conceded that the proposed offices are contiguous to classroom facilities under the Ordinance definition when all currently owned CCAC property is taken into consideration.

We, accordingly, will reverse the order of the court of common pleas and reinstate the Board's decision, dated February 17, 1983.

ORDER

The order of the Court of Common Pleas of Allegheny County, dated June 13, 1983, is reversed. The decision of the Zoning Board of Adjustment of the City of Pittsburgh, dated February 17, 1983, is reinstated.

DISSENTING OPINION BY JUDGE BARRY:

I dissent. I believe the subject property was not contiguous to other property of the Community College of Allegheny County at the time the application was made, which date controls.