Ursula Feldman, Appellant *v.* The Zoning Hearing Board of the City of Pittsburgh, Appellee.

Argued March 14, 1985, before Judges Doyle and Palladino, and Senior Judge Kalish, sitting as a panel of three.

238

John H. Bingler, Jr., with him, Michael R. Bucci, Jr., Thorp, Reed & Armstrong, for appellant.

Kellen McClendon, Assistant City Solicitor, with him, D. R. Pellegrini, City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, May 14, 1985:

This appeal is taken by Ursula Feldman, (Appellant) from an order of the Court of Common Pleas of Allegheny County (trial court) which affirmed an order of the Zoning Board of Adjustment of the City of Pittsburgh (Board) partially denying Appellant's request for a special exception. We reverse and remand.

Appellant is the owner of a parcel of real estate located in a C-3 Commercial District of the City of Pittsburgh on which she and her husband have operated a gasoline service station consisting of the retail sale of gasoline, automobile repairs and inspections since 1962. This use of the property constitutes a preexisting, nonconforming use in an existing, nonconforming structure authorized by an occupancy permit issued in 1967.

Appellant applied for a special exception to substantially renovate the existing, nonconforming structure and convert its use from an automobile repair shop to a convenience store. In conjunction with the remodeling of the building, Appellant also proposed to replace the existing gasoline pumps and storage tanks with more modern pumps and tanks and to continue to sell gasoline. The special exception was denied by the Zoning Administrator. On appeal the Board found that the proposed convenience store is a permitted use and granted the special exception with respect to the renovation of the structure and its use as a convenience store. The Board, however, denied Appellant's proposal to continue to sell gasoline.

Appellant appealed to the trial court which took no additional evidence and, on the basis of the record made before the Board, affirmed the Board's order. Appellant now appeals to this Court. When no additional testimony is taken by the trial court, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Fiechter v. Zoning Hearing Board of Pennsburg Township*, 73 Pa. Commonwealth Ct. 253, 458 A.2d 616 (1983).

Appellant applied for a special exception to rehabilitate the existing, nonconforming structure from an automobile repair shop to a convenience store with gasoline service. The Board granted the special exception as it pertained to the changes in use and rehabilitation of the structure. The Board noted that Appellant must comply with building code requirements but stated that "the convenience store is a permitted use and will be allowed to move forward." Because no appeal from this part of the Board's decision was taken by the Appellee and Appellant does not dispute this part of the Board's decision, we need not

examine further the question of changes in the use and rehabilitation of the structure.

It is with the part of the Board's decision which denied Appellant permission to continue using the property to sell gasoline at retail that Appellant takes issue. Appellant argues that unless she had abandoned her legal, pre-existing and nonconforming use of the property as a gasoline station, the Board may not prohibit her from continuing to use and modernizing the gasoline sales equipment. We agree.

Property owners have a constitutionally protected right to continue a nonconforming use of their property unless the municipality proves that such use has been abandoned. *Baird v. Slippery Rock Borough Zoning Board*, 20 Pa. Commonwealth Ct. 236, 340 A.2d 904 (1975).

> [T]he abandonment of a nonconforming use and the consequent termination of any legal right thereto results from a concurrence of facts, circumstances, and the intention of the owner of the premises or other person entitled to the use. Intention with respect to the abandonment of a nonconforming use is to be ascertained from overt acts, or failure to act, as well as statements.

*Marchese v. Norristown Borough Zoning Board of Adjustment*, 2 Pa. Commonwealth Ct. 84, 95, 277 A.2d 176, 183 (1971). The burden of proving that an abandonment has occurred is upon the municipality. *Baird.* In the case at bar there is absolutely no evidence of an abandonment; to the contrary, the record clearly establishes that Appellant has continued to use the property as a gasoline station and proposes to continue such use in the future. The mere fact that Appellant proposes to reduce the space on the property devoted to the nonconforming use and add to it a conforming

use does not constitute an abandonment. Appellant's right to continue her nonconforming use of the property is therefore constitutionally protected and cannot be denied by the Board.

Additionally, the doctrine allowing the expansion of nonconforming uses has long been applied to accommodate the dictates of business and modernization, and municipal attempts to prohibit such expansion have consistently failed. *Amoco Oil Co. v. Ross Township Zoning Hearing Board,* 57 Pa. Commonwealth Ct. 376, 426 A.2d 728 (1981).

> The rationale behind the [natural expansion] doctrine can be traced to the due process requirements protecting private property. If a person owns property which constitutes a valid non-conforming use, it is inequitable to prevent him from expanding the property, as the dictates of business or modernization require.

*Id.* at 379, 426 A.2d at 730, (quoting *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 102, 255 A.2d 506, 507 (1969)).

Absent a finding that the expansion or modernization will either create a new nonconforming use, extend the nonconformity to new land, or be detrimental to the public health, safety and welfare, the expansion or modernization must be permitted. *Amoco Oil Co.* In the case at bar there is no assertion that the modernization will create a new nonconforming use or extend the nonconformity to new land. The only question, therefore, is whether the modernization will be detrimental to the public health, safety and welfare.

The Board denied permission to use the property as a gasoline service station because it determined that the combination of the convenience store and gasoline sales would create volumes of vehicular traffic detrimental to the neighborhood and that adjacent conform-

ing uses would not be adequately protected.[1] As stated above, the Board was without authority to deny Appellant her constitutionally protected right to continue to sell gasoline. The focus of our inquiry is, therefore, whether the Board may, on the record presented and consistent with the proper exercise of its discretion, deny Appellant's application to modernize the equipment.

If the Board's findings are unsupported by substantial competent evidence on the record, it has committed an abuse of discretion. *White Advertising Metro, Inc. v. Zoning Hearing Board of Susquehanna Township*, 70 Pa. Commonwealth Ct. 308, 453 A.2d 29 (1982); *Lake Adventure, Inc. v. Zoning Hearing Board of Dingman Township*, 64 Pa. Commonwealth Ct. 551, 440 A.2d 1284 (1982).

Our thorough review of the record reveals that the only evidence presented regarding the modernization of the gasoline sales equipment is by Appellant's proposed tenant and manager who stated that the old fuel storage tanks will be removed because they may be deteriorated and will be replaced by new fiberglass tanks which are considered to be much safer. There was absolutely no evidence presented to indicate that the new equipment would be detrimental in any manner.[2]

---

[1] Although the Board denominates these determinations "findings of fact" we note that they are really a recitation of enumerated conditions of the Pittsburgh Zoning Ordinance, unaccompanied by specific findings of fact, and therefore, pursuant to Section 909.07 (e) of the Ordinance, may not be deemed findings of fact in compliance with the requirements of the Ordinance. Additionally, these "findings" are not supported by the record.

[2] In a special exception case the burden of proof rests upon protestants to raise specific issues concerning the detrimental impact on the public health, safety and welfare. *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980). Our review of the record reveals that the only objections raised by

We therefore hold that the Board has abused its discretion. The order of the trial court is reversed and the case is remanded with the direction that Appellant's application for a special exception be granted with respect to both the convenience store and the modernization of the gasoline sales equipment.

ORDER

AND Now, May 14, 1985, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is reversed and the case is remanded to the Court of Common Pleas of Allegheny County with the instruction that the Court direct the Zoning Board of Adjustment of the City of Pittsburgh to grant Appellant's application for a special exception with respect to both the convenience store and the modernization of the gasoline sales equipment.

protestants in the case at bar concerned the convenience store. Protestants, therefore, did not meet their burden of proof regarding modernization of the gasoline sales equipment.