508 A.2d 639

Frances A. Allison *v.* Zoning Board of Adjustment of Philadelphia, Appellee.

Argued April 8, 1986, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*William Morrow, Karabel & Morrow,* for appellant.

*Marjorie Stern Jacobs,* with her, *Joy J. Bernstein,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, May 6, 1986:

This is an appeal by Frances A. Allison (Appellant) from an order of the Court of Common Pleas of Philadelphia County (trial court) which dismissed Appellant's appeal, thereby affirming an order of the Zoning Board of Adjustment of Philadelphia (ZBA) which had granted a variance to A. Charles Peruto, Jr. (Peruto) to renovate and expand his garage. We reverse.

On August 24, 1982, Peruto filed an application for a zoning or use registration permit by which he sought to expand an existing garage on his property located at 1830 North 71st Street, Philadelphia (property) which is zoned R-1 Residential. The application was denied because the proposed garage did not meet the area requirements for an R-1 district, which requires a rear yard depth of 30 feet and a side yard depth of 15 feet. The proposed garage would leave a rear yard depth of 10 feet and a side yard depth of 8 feet 6 inches. Peruto reapplied for the same permit on April 18, 1983 and the permit was again denied. On April 21, 1983 Peruto filed an appeal with the ZBA seeking a dimensional variance for his proposed use of the property.

The ZBA held a public hearing on July 5, 1983 at which Peruto appeared and testified that the addition to the garage was necessary because: "I have a couple of

classic cars and I would like to keep them inside of a garage. I cannot keep them inside the garage now because I have too much other stuff in there." Peruto further testified that the addition would rise to the same height as the house and have the same type of roof as the house. Peruto submitted a plan of the proposed garage and some letters from neighbors stating they they did not object to the variance. This is the extent of Peruto's testimony.

Appellant also appeared at the ZBA hearing and testified that her property is adjacent to Peruto's property and that the parties have adjoining driveways. Appellant objected to the grant of the variance because the proposed garage would block air and light to her property.

The ZBA concluded that Peruto had established the criteria necessary under Section 14-1802 of the Philadelphia Zoning Code[1] for the granting of the variance and, therefore, ordered that the variance be granted. The trial court affirmed the order.

---

[1] Section 14-1802 of the Philadelphia Zoning Code provides, in pertinent part:

(1) The Zoning Board of Adjustment shall consider the following criteria in granting a variance under §14-1802(1)(c):

(a) that because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;

(b) that the conditions upon which the appeal for a variance is based are unique to the property for which the variance is sought;

(c) that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;

(d) that the special conditions or circumstances forming the basis for the variance did not result from the actions of the applicant;

Appellant now appeals to this Court asserting that the ZBA committed an error of law by granting the variance because Peruto did not meet his burden of proving that a denial of the variance will create an unnecessary hardship which is unique to the property.[2] We agree.

Where, as here, no additional testimony is taken by the trial court, this Court's scope of review is limited to determining whether the zoning board abused its discretion or committed an error of law. *Feldman v. Zoning Hearing Board of Pittsburgh,* 89 Pa. Commonwealth Ct. 237, 492 A.2d 468 (1985). A party seeking a variance bears a two-pronged burden of proving that: 1) an unnecessary hardship, which is unique to the property will result if the variance is denied; and 2) the proposed use will not be contrary to the public interest. *Valley View Civic Association v. Zoning Board of Adjustment,*

---

(e) that the grant of the variance will not substantially increase congestion in the public streets;

(f) that the grant of the variance will not increase the danger of fire or otherwise endanger the public safety;

(g) that the grant of the variance will not overcrowd the land or create an undue concentration of population;

(h) that the grant of the variance will not impair an adequate supply of light and air to adjacent property;

(i) that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;

(j) that the grant of the variance will not adversely affect the public health, safety or general welfare;

(k) that the grant of the variance will be in harmony with the spirit and purpose of this Title, and

(l) that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

[2] *See* subsections (1)(a) and (1)(b) of Section 14-1802 of the Philadelphia Zoning Code.

501 Pa. 550, 462 A.2d 637 (1983). The hardship complained of must be such as to render the property practically valueless. *Glazer v. Zoning Hearing Board of Worcester Township,* 55 Pa. Commonwealth Ct. 234, 423 A.2d 463 (1980).

The only hardship complained of by Peruto is that he is unable to store his cars in the existing garage because he has "too much other stuff in there." This is not an unnecessary hardship unique to the property which renders the property practically valueless. Therefore, Peruto did not meet his burden of proof and the ZBA erred in granting the variance.

Accordingly, the order of the trial court is reversed and the case is remanded with the instruction that the trial court direct the ZBA to deny Peruto's application for a variance.

### ORDER

AND NOW, May 6, 1986, the order of the Court of Common Pleas of Philadelphia County, at No. 2967 September Term 1983, dated February 22, 1985, is reversed and the case is remanded with the instruction that the application of A. Charles Peruto, Jr. for a variance be denied.

Jurisdiction relinquished.