537 A.2d 943

James C. Spencer and Ronald A. Nielson *v.* McKean Township Zoning Hearing Board et al. The Township of McKean, Appellant.

James C. Spencer and Ronald A. Nielson *v.* McKean Township Zoning Hearing Board et al. Township of Fairview, Appellant.

James C. Spencer and Ronald A. Nielson *v.* McKean Township Zoning Hearing Board et al. H. L. McElroy et al., Appellants.

Argued November 16, 1987, before Judges CRAIG, COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

. *Andrew J. Connor*, with him, *Thomas E..Kuhn*, and *George Joseph*, for appellants.

*Joseph J. May*, for appellees.

OPINION BY JUDGE CRAIG, February 18, 1988:

McKean Township appeals an order of Judge ROGER M. FISCHER, of the Court of Common Pleas of Erie County, reversing the McKean Township Zoning Hearing Board's denial of the application of James C. Spencer and Ronald Nielson for a special use permit to construct and operate a landfill.

On January 5, 1983, Spencer applied for a special use permit to locate the landfill on a 65-acre tract, bordered by Interstate 90 and Pennsylvania Route 832, in a district zoned Industrial Park.

The township zoning ordinance provides that "all uses of land and buildings not permitted in other zoning districts" shall be permitted as special uses in the industrial park district. Landfills are not permitted in any other district.

The opponents of the special use permit application consisted of various parties whose properties are close to the proposed site, including a truckstop restaurant, a motel, a farmer, and occupants of a trailer park.

After an extensive hearing, the zoning hearing board denied the application and supported that denial with findings of facts and conclusions of law. Specifically, the

zoning hearing board found that the use would (1) potentially contaminate the underground water supplies upon which the neighboring residents and businesses rely; (2) create offensive dust, litter, odor, noise and visual degradation of the landscape; (3) have a negative economic impact upon neighboring businesses; (4) have a negative impact on neighboring property values; (5) not be economically feasible; and (6) not be in harmony with the neighborhood.

Spencer appealed the decision of the zoning hearing board to the Court of Common Pleas of Erie County. Relying on the record established before the board, Judge FISCHER reversed the board's denial of Spencer's application.

The township's appeal raises the following issues:

(1) Did the trial court apply an incorrect standard of review?

(2) Did the trial court apply an incorrect burden of proof before the zoning hearing board?

(3) Was sufficient record evidence presented to the board to substantiate findings by the board that the proposed use of the subject property as a landfill would substantially, and to a greater degree than normal, adversely affect the health, safety and welfare of the community, and would not be in harmony with and compatible with adjacent uses and structures?

Because we conclude that the trial court applied the proper standard of review, and correctly perceived that the zoning hearing board had not applied the correct burden of proof regarding applications for special use permits, we affirm on the basis of the well reasoned opinion of Judge FISCHER in *Spencer v. McKean Township Zoning Hearing Board,* D. & C. 3d (1986) (926-A-1984 Erie County, Civil Division 1986, filed October 31, 1986).

The scope of review when a court takes no evidence and relies on the record established before the zoning hearing board, as correctly stated in Judge FISCHER'S opinion, is limited to whether the board committed an abuse of discretion or error of law. *Tohickon Valley Transfer, Inc. v. Tinicum Township Zoning Hearing Board*, 97 Pa. Commonwealth Ct. 244, 509 A.2d 896 (1986). Moreover, an abuse of discretion will be found if the board's findings are unsupported by substantial competent evidence on the record. *Feldman v. Zoning Hearing Board of the City of Pittsburgh*, 89 Pa. Commonwealth Ct. 237, 242, 492 A.2d 468, 471 (1985).

A careful review of the trial court's opinion and the record reveals that the trial court applied the proper scope of review.

The township also contends that the trial court erred in concluding that the zoning hearing board had committed an error of law in applying an incorrect burden of proof to Spencer's application for a special use permit.

A "special use permit" is synonymous with a special exception. *New Bethlehem Borough Council v. McVay*, 78 Pa. Commonwealth Ct. 167, 467 A.2d 395 (1983). In *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980), this court held that an applicant for a special exception has the duty of presenting evidence and the burden of persuasion with respect to any specific requirements of the ordinance.[1]

---

[1] *Bray* classified specific requirements as follows:

1. The kind of use (or area, bulk, parking or other approval)-*i.e.*, the threshold definition of what is authorized as a special exception;

2. Specific requirements or standards applicable to the special exception-*e.g.*, special setbacks, size limits; and

3. Specific requirements applicable to such kind of use even when not a special exception-*e.g.*, setback limits or

The objectors have the evidence producing duty and burden of persuasion regarding general policy concerns, *e.g.*, as to harmony with the spirit, intent or purpose of the ordinance. The objectors also have the evidentiary duty and burden of persuasion regarding general detrimental effects, *e.g.*, to the health, safety and welfare of the neighborhood, *Id.* 48 Pa. Commonwealth Ct. at 530-31, 410 A.2d 913. *Bray* did note, however, that an ordinance, by its terms, can shift the burden of persuasion regarding general detrimental effect to health, safety and welfare, to the applicant.

Section 84.3 of the township zoning ordinance, which pertains to special use permit applications, provides as follows:

> The Zoning Board in deciding applications for special permits shall use the following standards:
>
> 1. The intended use shall be in harmony with the character of the neighborhood and compatible with adjacent uses and structures.
>
> 2. The intended use shall be in harmony with the general purpose and intent of the Ordinance.
>
> 3. The intended use shall not be prohibited in the district.
>
> 4. The intended use complies with off-street parking, lot area per family, and yard area applicable to the use requested.
>
> 5. Minimum requirements for the health, safety and general welfare of the Township shall be applied.

---

size maximums or parking requirements applicable to that type of use whenever allowed, as a permitted use or otherwise.

*Bray*, 48 Pa. Commonwealth Ct. at 526, 410 A.2d at 911.

6. In granting a special permit the Board may require such reasonable conditions as it deems necessary to implement the purposes of this ordinance. (As amended by Ordinance # 5, in December, 1971).

Neither this section nor any other section of the ordinance shifts the burden of persuasion regarding general detrimental effect to the applicant. Therefore, in accordance with *Bray*, the applicants had the burden of persuasion with regard to subsections 3 and 4 (specific requirements),[2] and the objectors had the burden of persuasion regarding subsections 1, 2 (general policy concerns) and 5 (general detrimental effects).

Nonetheless, in the conclusions of law, the zoning hearing board stated:

16. *The Applicants have failed to meet their burden of persuasion and duty to go forward with a showing that their proposed use of the subject premises* as a natural renovating landfill, as designed by D'Appolonia *will be in harmony with the neighborhood* in which it is located and in harmony with uses of adjacent properties or structures thereon.

. . . .

18. *The Applicants have failed to meet their burden of persuasion and duty to go forward with a showing that their proposed use of the subject premises* as a natural renovating landfill as designed by D'Appolonia *will insure the minimum requirements for the health, safety and welfare of the Township.* (Emphasis added.)

Because the zoning hearing board placed the burden of persuasion regarding the general policy concerns of sections 1, 2 and 5 of the zoning ordinance on the

---

[2] The board found that Spencer met the specific requirements.

applicants, the trial court correctly held that the zoning hearing board had applied the wrong burden of proof to Spencer's special use permit application.

We need not address the substantive issues raised by the township, in light of the sound opinion of Judge FISCHER.

Accordingly we affirm, and adopt the opinion of Judge FISCHER.[3]

### ORDER IN 3512 C.D. 1986

Now, February 18, 1988, the order of the Court of Common Pleas of Erie County, at No. 926-A-1984, dated October 31, 1986, is affirmed.

### ORDER IN 3513 C.D. 1986

Now, February 18, 1988, the order of the Court of Common Pleas of Erie County, at No. 926-A-1984, dated October 31, 1986, is affirmed.

### ORDER IN 3514 C.D. 1986

Now, February 18, 1988, the order of the Court of Common Pleas of Erie County, at No. 926-A-1984, dated October 31, 1986, is affirmed.

---

[3] By way of minor exception, we do not adopt the following sentence contained on page ten of the trial court's opinion. "Furthermore, the Board has completely failed to consider the increase in tax revenue generated by the operation of the landfill." *See Zajac v. Zoning Hearing Board of Mifflin Township,* 41 Pa. Commonwealth Ct. 7, 13, 398 A.2d 244, 247 (1979).