546 A.2d 1311

Christopher M. Abernathy *v.* The Zoning Hearing Board of Hampton Township and Hampton Township. Hampton Township, Appellant.

194

Argued May 24, 1988, before Judges Craig, Doyle and Palladino, sitting as a panel of three.

*William D. Coholan*, with him, *John R. Luke, Grogan, Graffam, McGinley & Lucchino, P.C.*, for appellant.

*John H. Auld, II, Howard S. Auld and Associates*, for appellee.

Opinion by Judge Palladino, August 30, 1988:

Hampton Township (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) striking certain conditions imposed by the Zoning Hearing Board of Hampton Township (Board) upon the grant of a special exception to Christopher M.

Abernathy (Appellee). For the reasons set forth below, we affirm.

Appellee is an attorney and the owner of a piece of property located at 4499 Mt. Royal Boulevard in Hampton Township. The property is zoned residential "B" and consists of a lot upon which sit a one and one-half story brick house and a two story garage. The garage contains a second floor apartment.

In early 1984, Appellee filed an application for a special exception under section 8.400 of the Hampton Township Zoning Ordinance (special exception for a professional office in residential "B" district) to use the property for a law office.[1] At the time the application was filed, the garage apartment was being leased as a residence.[2] A hearing was held before the Board and the Board granted Appellee's application for a special exception subject to several conditions. Two conditions are the subject of this appeal, one condition that only one use, a professional law office use, could be made of all structures on the property and another condition that the apartment use would have to be discontinued.

Appellee appealed the imposition of these two conditions to the trial court. Appellant intervened in support of the Board's decision.

After reviewing the record sent to it by the Board, the trial court concluded that the record was incomplete because neither party had presented the Board with

---

[1] Appellee's proposed use does not qualify as a home occupation under section 11.310 of the ordinance because Appellee does not plan to reside on the property.

[2] The garage apartment was a preexisting nonconforming use at the time the condition was imposed. Later, the apartment use was discontinued and Appellee began using the garage as an insurance business. The use of the garage as an insurance business is not the subject of this appeal nor is the current validity of the nonconforming (garage apartment) use. If Petitioner has abandoned the nonconforming (garage apartment) use, this decision should not be interpreted as reviving that nonconforming use.

any evidence regarding the reasonableness and necessity of the conditions imposed, and remanded the case for additional findings as to the reasonableness and necessity of the conditions imposed.

The Board conducted an additional hearing and made the following pertinent findings of fact:

4. There is a heavy and concentrated traffic flow and pattern on Route 8 (northbound—11,-267, southbound—12,802) and Mount Royal Boulevard (3,484) which are in close vicinity of [Appellee's] property. . . .

5. The traffic conditions are not conducive to the health, safety and welfare of the community, and the dual use of [Appellee's] property adds a burden to the traffic conditions.

. . .

9. Section 10.140 of the Hampton Township Zoning Ordinance permits no more than one (1) principal structure occupied by a principal permitted use on a lot and no more than one (1) accessory structure for the same purpose.

Based upon these findings, the Board affirmed its earlier decision, imposing the same conditions.

Appellee appealed to the trial court, which concluded that the record transmitted to it from the Board did not contain substantial evidence to support the Board's finding that Appellee's dual use of the property for office and residential purposes adds to the traffic burden. The trial court entered an order striking the conditions attached to the granting of the special exception which provided that only one use, a professional law office use, could be made of all structures on the property and that the apartment use must be discontinued. All other conditions were affirmed.

On appeal to this court, Appellant contends that the trial court erred in striking the conditions attached to the granting of the special exception because the con-

ditions were 1) reasonable and necessary to protect the integrity of the comprehensive plan of the community as set forth in the zoning ordinance; and 2) reasonable and necessary to protect the general health, safety and welfare of the community.

Our scope of review in a zoning case where the trial court has taken no additional testimony and has relied on the transcript of the zoning Board hearing is limited to a determination of whether the Board has committed an abuse of discretion or an error of law. *Spencer v. McKean Township Zoning Hearing Board,* 113 Pa. Commonwealth Ct. 521, 537 A.2d 943 (1988); *Allegheny West Civil Council, Inc. v. Zoning Board of Adjustment of City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 471 A.2d 128 (1984). An abuse of discretion occurs when the Board's findings are not supported by substantial evidence in the record. *Feldman v. Zoning Hearing Board of the City of Pittsburgh,* 89 Pa. Commonwealth Ct. 237, 492 A.2d 468 (1985).

### REASONABLE AND NECESSARY TO PROTECT INTEGRITY OF ZONING ORDINANCE

Section 913 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10913, provides that "[i]n granting a special exception the board may attach such reasonable conditions . . . as it may deem necessary to implement the purposes of . . . the zoning ordinance." Appellant argues that since the zoning ordinance prohibits the dual use of Appellee's property for both professional office and residential purposes, the condition banning the apartment use was proper.

Appellant relies on section 8.440 (special exception for a professional office in a residential "B" District) of the zoning ordinance in support of its argument. In particular, Appellant relies on sections 8.440(a)(1) and

8.440(b). Section 8.440(a)(1) states that "only one professional practice shall be permitted in each building." Section 8.400(b) states the property "must have an existing building or buildings thereon to accommodate the professional office." Neither section 8.440(a)(1) nor section 8.440(b) suggests that a residential use of the property in addition to the professional office use is prohibited. Moreover, section 8.400(d) states that parking "shall be based on the single or combined *use or uses of the property*." (Emphasis added.)

The Board relied on section 10.140 of the zoning ordinance. Section 10.140 is contained in article 10 of the zoning ordinance which deals with supplementary development requirements. Section 10.140 states the following:

> *Maximum Number of Principal Structures on a Lot*
>
> No more than one structure containing dwelling units nor more than one structure to be occupied by a principal permitted use *shall be constructed* on a lot, and no more than one accessory structure for the same purpose, unless the development proposal is considered as a planned unit development.

(Emphasis added.)

Section 10.140 is not applicable in this case. Section 10.140 applies to new development and not the use of property that has already been developed.

## REASONABLE AND NECESSARY TO PROTECT GENERAL HEALTH, SAFETY AND WELFARE

Having determined that the conditions imposed were not necessary to protect the integrity of the zoning ordinance, we next address Appellant's contention that the disputed conditions were necessary to protect the general health, safety and welfare of the community.

Appellant relies on the Board's findings that the traffic conditions in the area surrounding Appellee's property are not conducive to the health, safety and welfare of the community and that the dual use of Appellee's property adds to the traffic problem. The Board's findings relating to increased traffic are the only findings which address the health, safety and welfare of the community.

We have carefully reviewed the record in this case and conclude that the record does not contain substantial evidence to support the Board's finding that the dual use of Appellee's property adds to the traffic burden. There is no evidence indicating that the dual use of Appellee's property would create more traffic problems than the single use of Appellee's property. There is no evidence indicating that the apartment use of Appellee's property would add to the traffic burden. In fact, the only evidence presented as to the traffic problem was as to the amount of traffic in the neighborhood generally and the amount of traffic generated by other sources such as the nearby school, church and recreation fields. Thus, Appellant has failed to show that the conditions imposed were reasonable and necessary to protect the health, safety and welfare of the community. The imposition of the conditions that only one use, a professional law office use could be made of the property and that the apartment use would have to be discontinued constituted an abuse of discretion by the Board.

Accordingly, we affirm.

## ORDER

AND NOW, August 30, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

CONCURRING OPINION BY JUDGE CRAIG:

The condition negating any residential use, in addition to the professional law office use, is, as this court

holds, not justified by traffic concerns allegedly having an impact upon the community's health, safety and welfare; there is no substantial evidence which relates such concerns or impact to the existence of a garage apartment.

However, the township's reliance upon Zoning Ordinance §10.140, as a basis for supporting that condition, would be justified if that section meant that there shall be no more than one principal use on each zoning lot (apart from planned developments).

Zoning ordinances commonly contain provisions which state that constraint: Each zoning lot may contain not more than one principal use, together with accessory uses related to it.

Here the referee understandably construed §10.140 to have that meaning. He read the provision that "not more than one structure to be occupied by a principal permitted use shall be constructed on a lot" by employing the usual mandatory sense of "shall"—rather than *its futurity sense*—to conclude that it meant that not more than one principal use may exist on any lot.

The problem is that the township drew that provision as referring to the principal use for which a structure "shall be constructed," rather than to how a structure "shall be used," thus creating an ambiguity in a context which, as here, involves only existing structures.

In accordance with the rule of interpretation that the courts should construe ambiguous zoning ordinance provisions (other than those which limit nonconforming uses) against the municipality and in favor of the freer use of land, this court must read §10.140 to be inapplicable in this case and therefore not available to support the condition attached to the special exception. *Fidler v. Zoning Board of Adjustment*, 408 Pa. 260, 182 A.2d 692 (1962); *Burgoon v. Zoning Hearing Board of Charlestown Township*, 2 Pa. Commonwealth Ct. 238, 277 A.2d 837 (1971).