**Scranton Counseling Center v. Zoning Hearing Board of Dickson City**

*Richard Bishop,* for appellant.
*John Pesota,* for appellee.

COTTONE, *J.,* May 12, 1989 — This matter comes by way of an appeal of the Dickson City Borough Zoning Board's decision denying the applicaiton for a special exception to the zoning ordinance filed by the Scranton Counseling Center.

At the time of the hearing before the board, appellant had been operating with great success a "group home" for the care of five mentally retarded and emotionally disturbed individuals in Dickson City for approximately one and one-half years. The "group home" residence is a detached single-residence dwelling with five bedrooms and is located in a mixed use (C-1 and R-2) zone. It is the board's position that the "group home," as it presently houses five individuals, excluding the staff, constitutes a "family," as defined in the Borough of Dickson City Zoning Ordinance, paragraph 11.119. That section provides that a family consists of "[a]n individual or two or more persons related by blood or marriage, or a group of *not more than five persons,* excluding servants, who are not related by blood or marriage, living together as a single housekeeping unit in a dwelling unit."

Appellant has applied for a special exception in order to increase the number of residents from five to seven (six permanent residents and one resident on an interim or respite basis). The board conducted a hearing on this matter on December 20, 1988. The testimony at the hearing was presented by John Viola, director of the Scranton Counseling Center, the appellant herein, and Stephen Arnone, a member of the Lackawanna, Susquehanna, and Wayne Mental Health Mental Retardation Program. There was no testimony or evidence presented in opposi-

tion to appellant's application. At the conclusion of the hearing, the board voted orally to deny the application. The board sent a written notice of denial the following day, listing the findings below:

"(1) Applicant (Scranton Counseling Center) can conform to our ordinance.

"(2) No unnecessary hardship has been created by conforming to our ordinance.

"(3) No statements were given by the applicant at the hearing that indicated unique circumstances.

"(4) Relief for a self-created proposal could not be granted."

We note parenthetically that findings (1) and (4) above, are profoundly irrelevant to the facts and law of this case.

Where as here, we have not taken additional evidence, our scope of review is limited to determining whether the board committed an error of law and whether its findings are supported by substantial evidence. *Raymondo v. Zoning Hearing Board of Haverford Township*, 61 Pa. Commw. 242, 434 A.2d 204 (1981). If the findings of fact of a zoning board are unsupported by substantial evidence, it has committed an abuse of discretion. *Lake Adventure Inc. v. Zoning Hearing Board of Dingham Township*, 64 Pa. Commw. 551, 440 A.2d 1284 (1982).

Appellant's position is that the "group home" falls within the special exceptions permitted in a mixed use (C-1 and R-2) zone, set forth in Schedule 1 of the ordinance. These uses include: "libraries; schools; essential services; garden apartments and townhouses and two-family dwellings; large scale residential developments including single-family, two-family and multi-family housing; social halls; clubs; lodges; fraternal organizations, but not those operated for profit; swimming pools; private nursery

schools and day-care centers; churches; hospitals; and *similar institutional uses.*" (emphasis supplied)

We agree with appellant that a "group home" falls within "similar institutional uses" envisioned in Schedule 1 of the zoning ordinance. Although that term is nowhere defined, the board argues that there is some indication that "institutional use" is limited to religious or philanthropic endeavors. Even so, we would be hard pressed to find that a "group home," unlike a hospital, is not a philanthropic enterprise. The board has presented no support in the law that this type of "group home" living is not an institutional use. The testimony here revealed that the residents of the "group home" are supervised seven days a week, 24 hours a day by professionally trained employees of appellant. Clearly, this type of living arrangement is contemplated as a permitted exception under the above section as a "similar institutional use."

As counsel for the appellant has pointed out, once it is determined that the "group home" is a use permitted by special exception, it is then necessary to determine whether appellant's "group home" otherwise complies with the requirement of the ordinance governing special exceptions. According to section 5.810, the following requirements must be met:

"(a) That the use is a permitted special exception as set forth in Article 3 hereof.

"(b) That the use is so designed, located and proposed to be operated that the public health, safety, welfare and convenience will be protected.

"(c) That the use will not cause substantial injury to the value of other property in the neighborhood where it is to be located.

"(d) That the use shall be compatible with adjoining development and the proposed character of the zone district where it is to be located.

"(e) That adequate landscaping and screening is provided as required in section 4.700 and as otherwise provided herein.

"(f) That adequate off-street parking and loading is provided and ingress and egress is so designed as to cause minimum interference with traffic on abutting streets.

"(g) That the use conforms with all applicable regulations governing the district where located, except as may otherwise be determined for large-scale development."

We find that the undisputed testimony provided substantial evidence from which the board could find that the above requirements have been satisfied by appellant. The board's reference in its findings to "unnecessary hardship" and "unique circumstances," relevant only to variance cases, evidence a total disregard for the proper criteria to apply when determining an application for special exception, despite its seeming knowledge of the same. As such, the board committed a rudimentary error of law and consequently abused its discretion in rendering findings that are unsupported by substantial evidence. In cases such as this, it is proper for the court to substitute its judgment for that of the board. See *Raymondo, supra.* Accordingly, the appropriate order will be entered.

## ORDER

And now, May 12, 1989, for the reasons stated in the foregoing opinion, it is hereby ordered that the appeal by the Scranton Counseling Center is sustained, and the decision of the Zoning Hearing Board is reversed. It is further ordered that the Zoning Hearing Board of the Borough of Dickson City is directed to issue the special exception requested by the Scranton Counseling Center in its application.