596 A.2d 1201

**VALLEY FORGE PLAZA ASSOCIATES**

**v.**

**UPPER MERION TOWNSHIP ZONING HEARING BOARD and Township of Upper Merion.**

**Appeal of The TOWNSHIP OF UPPER MERION, Appellant.**

**VALLEY FORGE PLAZA ASSOCIATES, Appellant,**

**v.**

**ZONING HEARING BOARD OF UPPER MERION TOWNSHIP et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Aug. 13, 1991.

---

Thomas D. Rees, for appellant/appellee, Upper Merion Tp.

J. Edmund Mullin, for appellant/appellee, Valley Forge Plaza Associates.

Before CRAIG, President Judge, COLINS, Judge and NARICK, Senior Judge.

CRAIG, President Judge.

Upper Merion Township Zoning Hearing Board and Township of Upper Merion (township) appeal an order of the Court of Common Pleas of Montgomery County, reversing a decision of the zoning hearing board which denied Valley Forge Plaza Associates' (applicant) request for a special exception. We affirm.

The issue in this case is whether an off-track betting (OTB) facility, with television screens, betting windows, lounges and dining facilities is a "use of the same general character" as a "restaurant and assembly hall" which is "associated" with a hotel or motor lodge.

The facts of this case are as follows. The applicant owns 32 acres of land in an AR–1 Administrative and Research

Zoning District in Upper Merion Township. Presently there are two hotels, a convention center, and an office building on the property. Colonial Racing Association, Inc. entered into a lease agreement with the applicant to use part of a hotel complex on the property for the OTB facility. The only change to the complex would be the addition of the betting windows. The complex where the OTB facility would be located already contains restaurants, bars, and closed-circuit television monitors, which relay sporting events such as championship boxing. The lease is contingent upon approval of applicant's application.

The trial court's opinion stated that the OTB facility would be comprised of several closed circuit television screens displaying horse races from the four Pennsylvania racetracks. Before each race, patrons would approach a window and place a bet with a cashier, who in turn would issue a ticket to the patron.

On January 3, 1990, the Upper Merion Township Building Officer denied the applicant's proposal, stating it was not a permitted use in an AR–1 District. The applicant appealed that decision to the board and requested a special exception. On March 8, 1990, the board held a hearing regarding the applicant's petition. The applicant presented the testimony of Robert Bork, Vice President and General Manager of Philadelphia Park. The board denied the applicant's request for a special exception, stating that pari-mutuel betting is not of the same general character as other permitted uses in an AR–1 District.

On May 1, 1990, the applicant appealed the board's decision to the Court of Common Pleas of Montgomery County, arguing that the board erred in denying applicant special exception. The applicant asked the trial court to reverse the board, or in the alternative, grant applicant's proposal as a permitted use. Judge Richard S. Lowe sustained the applicant's appeal and ordered the board to grant the requested special exception. Judge Lowe denied the applicant's request for a permitted use.

The board and the township now appeal to this court, seeking to overturn the trial court's granting of the applicant's special exception.[1]

Section 165–88 of the Upper Merion Township Zoning Code governs the AR–1 District. It provides, in relevant part:

§ 165–88. **Use Regulations.**

A building may be erected, altered or used and a lot may be used or occupied for any of the following purposes and no other:

. . . .

C. Hotel or motor lodge with an associated restaurant and assembly hall.

. . . .

F. Any use of the same general character as any of the uses hereinbefore specifically permitted, when authorized as a special exception.

Section 165–250(b)(1) sets forth the criteria the applicant must comply with to obtain a special exception:

(1) Special exceptions. The Board may grant approval of a special exception, provided that the applicant complies with the following standards for the special exception. The burden of proof rests with the applicant.

(a) The applicant shall establish, by credible evidence, that the special exception complies with the statement of community development objectives as stated in Article 1 of this chapter and with the declaration of legislative intent that may appear at the beginning of the applicable district under which approval is sought.

---

**1.** Our scope of review in zoning matters where the common pleas court took no additional evidence is limited to a determination of whether the board abused its discretion or committed an error of law. *Beecham Enterprises, Inc. v. Zoning Hearing Board of Kennedy Township,* 125 Pa.Commonwealth Ct. 20, 556 A.2d 981 (1989). An abuse of discretion occurs when the board's findings are not supported by substantial evidence in the record. *Abernathy v. Zoning Hearing Board of Hampton Township,* 119 Pa. Commonwealth Ct. 193, 546 A.2d 1311 (1988).

(b) The applicant shall establish, by credible evidence, compliance with all conditions on the special exception enumerated in the section which gives the applicant the right to seek a special exception.

(c) The applicant shall establish, by credible evidence, that the proposed special exception will not adversely affect neighboring land uses in any way and will not impose upon its neighbors in any way but rather shall blend with them in a harmonious manner.

(d) The applicant shall establish, by credible evidence, that the proposed special exception shall be properly serviced by all existing public-service systems. The peak traffic generated by the subject of the approval shall be accommodated in a safe and efficient manner, or improvements shall be made in order to effect the same. Similar responsibility shall be assumed with respect to other public service systems, including but not limited to police protection, fire protection, utilities, parks and recreation.

(e) The applicant shall establish, by credible evidence, that the proposed special exception shall be in and of itself properly designed with regard to internal circulation, parking, buffering and all other elements of proper design.

(f) The applicant shall provide the Board with sufficient plans, studies or other data to demonstrate compliance with all applicable regulations.

(g) The Board shall impose such conditions as are necessary to ensure compliance with the purpose and intent of this chapter, which conditions may include plantings and buffers, harmonious design of buildings and the elimination of noxious, offensive or hazardous elements.

■ Initially, we note that a zoning hearing board has no standing to appeal a reversal of its own decision. *Commonwealth Department of General Services v. Ogontz Area Neighbors Association*, 505 Pa. 614, 483 A.2d 448 (1984); *Zoning Hearing Board of Derry Township v. Dove*,

69 Pa.Commonwealth Ct. 486, 451 A.2d 812 (1982). Thus, the appeal of the Upper Merion Township Zoning Hearing Board is quashed; however, because the township intervened in the board's appeal, the township retains the right to appeal the trial court's reversal of the decision of the zoning hearing board, and this appeal remains before the court.

### The Trial Court's Granting of Applicant's Special Exception

■ As to special exceptions, our cases have repeatedly made clear that the applicant has both the persuasion burden and the initial evidence presentation duty to show that the proposal complies with the terms of the ordinance which expressly govern such a grant. *Bray v. Zoning Board of Adjustment*, 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980). Further, if the applicant satisfies this burden, the objectors must show, to a high degree of probability, that the proposal is detrimental to the public's health, safety and welfare in order to prevent the special exception. *Loch v. Zoning Hearing Board*, 131 Pa.Commonwealth Ct. 211, 569 A.2d 1035 (1990).

■ The township argues that the pari-mutuel betting windows and closed circuit televisions monitors are uses not typically found in assembly halls. Thus, the township argues, the OTB parlor is not of the same general character as an assembly hall.

The trial court stated, and both parties agreed, that the court should interpret undefined terms by referring to the dictionary. *Mitchell Energy Corporation v. Zoning Hearing Board of Sommerhill Township*, 108 Pa.Commonwealth Ct. 113, 529 A.2d 585 (1987). Thus, the trial court consulted Webster's Dictionary and found, by combining "assembly" and "hall" together, that an "assembly hall" is a place used for public entertainment at which a company of persons gather for entertainment. Based on this definition and the nature of the applicant's plan, the trial court stated

that the proposed OTB facility would be the same general character as an "assembly hall."

We agree with the trial court's conclusion that the OTB facility is another source of entertainment and therefore of the same general character as an "assembly hall." Customers now come into the complex and use the bars and restaurants and watch the sporting events on closed circuit television screens. The addition of OTB is another form of entertainment consistent with the definition of "assembly hall," and because the OTB facility will be located in a hotel complex, it will be "associated" with the hotel, thus following section 165–88(C) of the zoning ordinance.

■ The township also argues that the applicants failed to meet its burden under section 165–250(B)(1)(d) regarding traffic generated by the OTB facility.

However, the applicants presented the testimony of Robert Bork, Vice President and General Manager of Philadelphia Park, who stated that because races will be shown throughout the day, customers will arrive and depart at staggered intervals throughout the day. Bork also testified that the busiest time for the OTB facility will be at night and on the weekends, when businesses are not operating and the office buildings on the property are empty. Thus, the testimony of Bork supports the trial court's finding that the applicant satisfied the parking criteria of section 165–250(B)(1)(d). Therefore, the applicant has satisfied its burden under the zoning code for a special exception.

### General Standards

■ This court has stated that the burden of presenting evidence that the proposal will be detrimental to public health, safety and welfare is on the objectors. *Bray* at 527, 410 A.2d at 911. Objectors must show, to a high degree of probability, that the proposed use will substantially affect the health and safety of the community. *Tuckfelt v. Zoning Board of Adjustment*, 80 Pa.Commonwealth Ct. 496, 471 A.2d 1311 (1984).

At the board's hearing, two people had objections. The first was from Daniel Weis, General Secretary of American Baptist Churches USA, who wrote a letter to the board stating that the township should not be a party to any types of gambling of any sorts. The letter did not address any specific detriments to the health and safety of Upper Merion Township. The only other testimony presented in opposition to the proposed plan was from a former member of the board of supervisors of the township who testified that he objected to the proposal because it was not "for the good of Upper Merion Township." Thus, the trial court correctly stated that the township did not meet its burden of proving that the proposed use will substantially affect the health and safety of the community.

### Permitted Use

The applicants cross-appealed in this matter, arguing that the trial court erred in denying them a permitted use under the zoning code. Because we affirm the trial court's granting of a special exception to the applicant, we need not address the applicant's argument regarding the trial court's denial of a permitted use under the zoning code.

Accordingly, we affirm the trial court's order directing the board to grant to the applicant a special exception for the applicant's proposed plan.

### ORDER

#### No. 2155 C.D. 1990

NOW, August 13, 1991, pursuant to the appeal of the Township of Upper Merion, the order of the Court of Common Pleas of Montgomery County, at No. 90–08227, dated September 25, 1990, is affirmed, and the appeal of the Upper Merion Township Zoning Hearing Board is quashed.

### ORDER

#### No. 2201 C.D. 1990

NOW, August 13, 1991, this appeal is dismissed as moot.